## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. BREUDER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:15 cv 9323 |
| v. | ) | Hon. Andrea R. Wood |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| COMMUNITY COLLEGE DISTRICT | ) | |
| NO. 502, DUPAGE COUNTY, ILLINOIS, | ) | |
| an Illinois body politic and corporate, | ) | |
| KATHY HAMILTON in her official and | ) | |
| individual capacity, DEANNE | ) | |
| MAZZOCHI in her official and individual | ) | |
| capacity, FRANK NAPOLITANO in his | ) | |
| official and individual capacity, and | ) | |
| CHARLES BERNSTEIN in his official | ) | |
| and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BOARD OF TRUSTEES'
## MOTION TO DISMISS COUNTS I, II, AND IV OF PLAINTIFF'S COMPLAINT

Defendant Board of Trustees respectfully moves to dismiss Counts I, II and IV of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). Plaintiff was terminated from his position as President of the College of DuPage on October 20, 2015. The next day, he filed suit against the Board and several individual members of the Board. All three of his claims against the Board should be dismissed for failure to state claims upon which relief can be granted.

Count I (due process/property) fails to state a claim because Plaintiff has no property interest. He has no contractual property interest because his employment contract was void for multiple reasons, and Board policies did not create any extracontractual property interest. Count II (due process/liberty) fails to state a claim that Plaintiff was deprived of occupational liberty by being stigmatized, because such a claim would require Plaintiff to state a claim for defamation

against the individual defendants, which he cannot do. The alleged defamatory statements against Plaintiff, a public figure, are protected by the First Amendment and various privileges and immunities. Additionally, Counts I and II fail to state due process claims because all the process that was due was available to Plaintiff, who refused it. Finally, Count IV (breach of contract) fails to state a claim because no valid contract exists.

Accordingly, and as further set forth in the Memorandum in Support of this Motion, the Board respectfully asks the Court to dismiss Counts I, II, and IV as a matter of law.

Respectfully submitted,

BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 502, DUPAGE COUNTY, ILLINOIS

Dated: January 7, 2016        By:    /s/  Kaitlin G. Klamann
                                     One of its Attorneys

John P. O'Malley                     Ronald S. Safer
Clare J. Quish                       Andrew C. Porter
Peggy J. Osterman                    Kaitlin G. Klamann
SCHUYLER, ROCHE & CRISHAM, P.C.      SCHIFF HARDIN LLP
180 North Stetson Avenue             233 S. Wacker Drive
Suite 3700                           Suite 6600
Chicago, IL 60601                    Chicago, IL 60606
(312) 565-2400                       (312) 258-5500
jomalley@SRCattorneys.com            rsafer@schiffhardin.com
cquish@SRCattorneys.com              aporter@schiffhardin.com
posterman@SRCattorneys.com           kklamann@schiffhardin.com

*Attorneys for Defendant Board of Trustees*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2016, I caused copies of the foregoing DEFENDANT
BOARD OF TRUSTEES' MOTION TO DISMISS COUNTS I, II, AND IV OF PLAINTIFF'S
COMPLAINT to be served on all counsel of record by filing electronic copies with the Clerk of
the Court using the CM/ECF system, which will send notification of such filing to all registered
CM/ECF users.


/s/ Kaitlin G. Klamann