# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROBERT L. BREUDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15-cv-09323 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| BOARD OF TRUSTEES OF COMMUNITY ) | |
| COLLEGE DISTRICT NO. 502, DUPAGE ) | |
| COUNTY, ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's motion to dismiss Defendant Mazzochi's counterclaim [182] is granted. Defendant's counterclaim is dismissed with prejudice. See the accompanying Statement for details.

## STATEMENT

Plaintiff Robert L. Breuder served as President of the College of DuPage until his termination on October 20, 2015. Breuder filed the present lawsuit against the College's Board of Trustees ("Board") and certain current and former Board members claiming that he was wrongfully terminated and defamed by those defendants.

One defendant in this action is now-former Board member Deanne Mazzochi. Following this Court's ruling denying, in large part, the defendants' motion to dismiss (*see* Dkt. No. 100), Mazzochi filed her answer to the complaint. Along with her answer, Mazzochi asserted a counterclaim alleging that Breuder's lawsuit was a "Strategic Lawsuit Against Public Participation" (or "SLAPP") and thus violated the Illinois Citizens Participation Act ("ICPA"), 735 ILCS 110/1 *et seq.* (*See* Dkt. No. 167.) The counterclaim seeks relief in the form of compensatory and punitive damages, as well as attorney's fees and costs. Breuder now moves to dismiss Mazzochi's counterclaim, arguing that a party cannot seek ICPA relief by way of a counterclaim for damages. (Dkt. No. 182)

SLAPPs are meritless lawsuits "aimed at preventing citizens from exercising their political rights or punishing those who have done so." *Sandholm v. Kuecker*, 962 N.E.2d 418, 427 (Ill. 2012). "SLAPPs use the threat of money damages or the prospect of the cost of defending against the suits to silence citizen participation." *Wright Dev. Grp., LLC v. Walsh*, 939 N.E.2d 389, 395 (Ill. 2010). "Because winning is not a SLAPP plaintiff's primary motivation, the existing safeguards to prevent meritless claims from prevailing were seen as inadequate, prompting many

states to enact anti-SLAPP legislation." *Sandholm*, 962 N.E.2d at 428. The ICPA is Illinois's anti-SLAPP legislation. It seeks to combat SLAPPs and protect citizen participation by:

> (1) immunizing citizens from civil actions based on acts made in furtherance of a citizen's free speech rights or right to petition government; (2) establishing an expedited legal process to dispose of SLAPPs both before the trial court and appellate court; and (3) mandating a prevailing movant [having filed a motion to dismiss a SLAPP under the ICPA] be awarded reasonable attorney fees and costs incurred in connection with the motion.

*Walsh*, 939 N.E.2d at 396.

Breuder argues that Mazzochi's counterclaim must be dismissed because the ICPA does not create a cause of action for damages. Indeed, by its very terms, the ICPA applies only "to any motion to dispose of a claim in a judicial proceeding" where the claim is based on acts by the moving party in furtherance of her speech rights or right to petition the government. 735 ILCS 110/15. The ICPA defines a "motion" as including "any motion to dismiss, for summary judgment, or to strike, or any other judicial pleading filed to dispose of a judicial claim." 735 ILCS 110/10. And the only relief that the ICPA provides to a prevailing party is the "reasonable attorney's fees and costs in connection with the motion." 735 ILCS 110/25.

Despite the ICPA's apparently plain language, Mazzochi contends that her counterclaim meets the ICPA's definition of a "motion" because she intends to use it as the basis for a motion for summary judgment. Thus, according to Mazzochi, her counterclaim qualifies as "any other judicial pleading to dispose of a judicial claim." This argument, however, contradicts the language and structure of the ICPA. The ICPA expressly includes a counterclaim within its definition of "'judicial claim' or 'claim'" that may be disposed of by "motion" under the ICPA. *See* 735 ILCS 110/10. Thus, accepting Mazzochi's interpretation of the ICPA, a counterclaim would constitute both a "motion" and a "claim" under the statute. Moreover, the ICPA provides that where a lawsuit is shown to be a SLAPP, "[t]he court shall grant the motion and dismiss the judicial claim." 735 ILCS 110/20. Yet a counterclaim, by itself, is not capable of being "granted" by a court. Nonetheless, Mazzochi asks the Court to adopt a peculiar reading of the term "motion" whereby at least some motions require another, separate motion in order to be granted. Not only is Mazzochi's interpretation not supported by the plain language of the ICPA, it is nonsensical within the context of the statute.

The Court finds Mazzochi's remaining arguments in favor of allowing her counterclaim to be equally meritless. For example, *Nastav v. Phoenix Life Insurance Co.*, No. 07 C 4937, 2009 WL 3065209 (N.D. Ill. Sept. 23, 2009), does not support her position. While the *pro se* third-party defendants in *Nastav* did attempt to seek ICPA relief by way of a counterclaim, the propriety of doing so was not squarely presented to the court. Instead, the court simply dismissed the counterclaim because it found that the ICPA did not apply to the facts before it. *Id.* at *3. Mazzochi's reference to *Palazzo v. Alves*, 944 A.2d 144 (R.I. 2008), is even less helpful to her cause, as Rhode Island's anti-SLAPP statute establishes an immunity defense, provides that the immunity may be asserted by "motion ***or by other appropriate means*** under the applicable rules of civil procedure," and expressly requires the award of compensatory damages and permits

punitive damages. R.I. Gen Laws § 9-33-2 (emphasis added); *see also Palazzo*, 944 A.2d at 151. No analogous language is present in the ICPA.

Ultimately, the ICPA is not ambiguous. "The Act is designed to permit summary dismissal of a SLAPP and the recovery of some of the attorney fees and costs incurred as a result of defending against a SLAPP." *Hytel Grp., Inc. v. Butler*, 938 N.E.2d 542, 550 (Ill. App. Ct. 2010). But the ICPA goes no further. It does not provide an independent cause of action, and it does not allow for the recovery of damages. For that reason, Mazzochi's counterclaim is dismissed with prejudice.

Dated: March 31, 2019

Andrea R. Wood
United States District Judge