## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROBERT BREUDER,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 502, DUPAGE COUNTY, ILLINOIS, a Illinois body politic ad corporate, KATHY HAMILTON in her official and individual capacity, DEANNE MAZZOCHI in her official and individual capacity, FRANK NAPOLITANO in his official and individual capacity, and CHARLES BERNSTEIN in his official and individual capacity,<br><br>    Defendants. | Case No. 1:15-cv-9323<br><br>Hon. Andrea R. Wood<br><br>Hon. Jeffrey I. Cummings (Magistrate) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RULE 36(A)(6) MOTION REGARDING DEFENDANT BOARD OF TRUSTEES RESPONSES <u>TO REQUESTS FOR ADMISSION</u>**

Plaintiff Robert L. Breuder, through his attorneys and pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure, hereby files this motion to deem admitted, or alternatively to compel amended responses to, certain of his requests for admission to Defendant Board of Trustees of Community College District No. 502, DuPage County, Illinois (the "Board" or "COD").

## INTRODUCTION

As the Court is aware, this is not your run-of-the-mill employment dispute. In October 2015, Defendants terminated Plaintiff's employment with the College of DuPage in violation of his employment contract and constitutionally-guaranteed due process rights on groundless and false charges of misconduct that spanned near the entirety of his 5-year tenure as COD President. This case thus presents not only complex legal issues but also numerous factual issues.

In an effort to narrow those issues for trial, as well as for oral and expert discovery, Plaintiff served the Board requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure on December 4, 2019 (the "RFAs"). The Board served its responses on March 16, 2020. Despite having received an additional 70+ days to respond to Plaintiff's RFAs, *see* Dkt. Nos. 248, 274, the Board's responses to several requests grossly failed to comply with Rule 36. Specifically, the Board skirted answering dozens of requests with meritless objections that documents were not attached or speak for themselves, that common phrases were ambiguous, that clearly relevant requests were irrelevant, and other baseless objections. The Board also failed to fairly respond to the substance of requests and added unnecessary and argumentative comments to many responses.

Plaintiff has made repeated efforts to obtain answers from the Board that comply with Rule 36, including by providing the Board with citations to case law from this and other jurisdictions demonstrating the deficiencies of the Board's responses. Exhs. B – D (Ltrs. from M. Eubanks to A. Porter). While the Board did revise some of its responses on June 15, 2020, it largely failed to

1

address the deficiencies raised by Plaintiff. In fact, the Board's revised responses only compounded the evasiveness of its prior responses. Despite his efforts to obtain compliance from the Board, Plaintiff is forced to ask the Court to deem certain of his RFAs admitted or, alternatively, to order the Board to amend its answers to comply with Rule 36.

## LEGAL STANDARDS APPLICABLE TO REQUESTS FOR ADMISSION

"Requests to admit serve to narrow the issues at trial and can help parties limit the need for extensive discovery as to issues that can be addressed through Rule 36 admissions." *Loudermilk v. Best Pallet Co., LLC*, No. 08 C 06869, 2009 U.S. Dist. LEXIS 93915, at *1 (N.D. Ill. Oct. 8, 2009). To further that aim, Rule 36 allows a responding party one of four options: (1) object; (2) admit; (3) deny; or (4) "state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4); *see also Loudermilk*, 2009 U.S. Dist. LEXIS 93915, at *2.

"A responding party that cannot admit or deny a request outright may make an admission with a qualification or deny only part of a request." *Id.* at *4. However, "[q]ualifications must be made in good faith, and the responding party must specifically state what part of the request is true . . . and deny only the remainder." *Id.* (quotations omitted). "[T]he need for qualification does not justify answers that add unnecessary facts or argument." *United States SEC v. Stifel, Nicolaus & Co.*, No. 11-C-0755, 2016 U.S. Dist. LEXIS 113012, at *19 (E.D. Wis. Aug. 24, 2016). "A denial must fairly respond to the substance of the matter," FED. R. CIV. P. 36(a)(4), and "'[i]t is expected that denials will be forthright, specific, and unconditional.'" *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *3 (quoting 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 220 (3d ed. 2010)).

A responding party also "is not permitted to merely rely on his lack of personal knowledge when responding to requests to admit." *Lambert v. Owens*, No. 99 C 50076, 2002 U.S. Dist. LEXIS 14789, at *2 (N.D. Ill. Aug. 9, 2002). Rather, "[t]he answering party may assert lack of knowledge

2

or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). "Whether an inquiry is reasonable depends on the facts of the case," but typically includes consultation of persons and documents in the responding party's possession, custody, or control. *Loudermilk*, 2009 U.S. Dist. LEXIS 93915, at *3. In that regard, it also is improper to object on the basis that a request references a document not attached. The attachment requirement of Rule 36(a)(2) pertains only to requests that seek admissions as to a document's genuineness. *Whole Woman's Health All. v. Hill*, No. 1:18-cv-01904-SEB-MJD, 2020 U.S. Dist. LEXIS 35880, at *19 (S.D. Ind. Mar. 2, 2020) ("Rule 36(a)(2) applies only to '[a] request to admit the genuineness of a document.'") (quoting FED. R. CIV. P. 36(a)(2)).

Pursuant to Rule 36(a)(6), a requesting party may file a motion with the court to determine the sufficiency of an answer or objection. FED. R. CIV. P. 36(a)(6). If the court deems an answer insufficient, it "may order either that the matter is admitted or that an amended answer be served." *Id.* For objections that are not justified, the court "must order that an answer be served." *Id.*

### THE REQUESTS FOR ADMISSION SUBJECT TO THIS MOTION

The Board's responses to RFA Nos. 11, 16, 70, 153 – 156, 187 – 191, 193, 196, 197, 201, 204, 205, 207, 209, 210, 212, 215, 216, 223 – 229, 233 – 235, 281, 282, 292, 294, 456, 461, 462, 504 – 586, 630 – 632 are insufficient. Specifically, the Board's responses contain one or more of the following deficiencies: (a) improper objections that documents are not attached or speak for themselves; (b) baseless relevancy objections; (c) meritless form and ambiguity objections; (d) incorrect legal conclusions objections; (e) waived privilege assertions; (f) equivocal admissions and partial answers; and (g) unnecessary and argumentative commentary. As set forth below, the Court should compel the Board to answer the RFAs or, in some cases, deem the RFAs admitted.

3

For ease, Plaintiff has compiled the responses subject to this motion in the attached Exhibit A.[1]

### A. RFA Nos. 16, 461, 462: Improper "Document Not Attached" and "Speaks for Itself" Objections

RFA No. 16 asks the Board to admit facts regarding Board Policy No. 5-15 in effect during Plaintiff's tenure as COD President. In response, the Board "objects to this Request to the extent it references a document that was not attached to his Requests to Admit. Stating further, the College states that the document speaks for itself. Therefore, the College denies this Request." Similarly, RFA Nos. 461 and 462 ask the Board to admit facts regarding the College's Purchasing Department Procedures in effect during Plaintiff's tenure as COD President. In response, the Board "objects to this Request to the extent it references a document or documents that are not attached to his Requests to Admit. To the extent the Request references a document or documents, Defendant denies the Request and states further that those documents speak for themselves." The Board's denials based on "document not attached" and "speaks for itself" objections are improper.

As noted above, a responding party is obligated to make a reasonable inquiry of documents in its possession, custody, or control. *Loudermilk*, 2009 U.S. Dist. LEXIS 93915, at *3. Thus, an objection that a request references a document that is not attached is not appropriate, particularly where, as here, the referenced documents are the responding party's own business records. Indeed, Rule 36 requires documents to be attached only where an admission is sought as to the genuineness of a document. *Whole Woman's Health*, 2020 U.S. Dist. LEXIS 35880, at *19 (overruling objection that respondent could not answer request for admission without being provided referenced document because the attachment requirement of "Rule 36(a)(2) applies only to '[a] request to admit the genuineness of a document.'") (quoting FED. R. CIV. P. 36(a)(2)).

Moreover, it is not proper to object on the basis that documents referenced in a request

---

[1] The Board's complete responses to Plaintiff's RFAs can be provided upon the Court's request.

"speak for themselves." *Flohr v. Comdisco, Inc.*, No. 01 C 3187, 2002 U.S. Dist. LEXIS 6876, at *4 (N.D. Ill. Apr. 17, 2002) ("Flohr's assertions that a 'document speaks for itself' … are no more acceptable for Rule 36(a) purposes than they are in a responsive pleading."). Indeed, "[t]he contents of a specific document may or may not be disputed by a party[;]" thus, if a request concerning the contents of a document is admitted, "the purpose of Rule 36 will be served by narrowing the issues for trial." *United States v. Virkutis*, No. 83 C 1758, 1987 U.S. Dist. LEXIS 14102, at *7-8 (N.D. Ill. Mar. 10, 1987). Accordingly, an objection that a document that "speaks for itself," "fails to constitute an appropriate basis for admitting or denying the Request." *Id.* at *7.

The Court should, therefore, strike the Board's answers to RFA Nos. 16, 461, and 462 and compel them to admit or deny these requests absent their objections. If the Board truly has a basis to deny these requests, it must do so outright and unequivocally. *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *3 ("'It is expected that denials will be forthright, specific, and unconditional.'") (quoting 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 220 (3d ed. 2010)).

### B. RFA No. 70: Baseless Relevancy Objection

RFA No. 70 asks the Board to admit that it "did not provide written notice to Breuder that it would vote to declare the Employment Agreement, and all amendments and addenda thereto, void *ab initio* on September 17, 2015." The Board's objection that this request is irrelevant smacks of bad faith, as there is utterly no basis for the Board to contend that the issue of whether it provided notice to Plaintiff before declaring his contract void is irrelevant.

As the Seventh Circuit already determined in this matter, "a hearing is required whenever the officeholder has a 'legitimate claim of entitlement' [citation omitted] to keep the job. Breuder, who had a written contract for a term of years, assuredly had a legitimate *claim* of entitlement to have the Board honor its promise." *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, 888 F.3d

5

266, 270 (7th Cir. 2018). Accordingly, since "[b]oth the duration of Breuder's tenure and the existence of misconduct (essential to discharge him early, if the contract is valid) were debatable subjects," Plaintiff not only was entitled to a hearing on the validity of his employment contract, but "[t]he members who refused even to listen to him violated his clearly established rights." *Id.*

The Board's objection to Request No. 70 clearly is no more than a baseless attempt to skirt admitting a fact that it clearly cannot deny. The Court, therefore, should deem RFA No. 70 admitted. At a minimum, the Board clearly should be compelled to answer RFA No. 70.

C. **RFA Nos. 187 – 191, 197, 204, 205, 209, 210, 216, 223 – 229: Baseless Relevancy Objections, Improper "Document Speaks for Itself" Objections, and Inappropriate Commentary**

RFA Nos. 187 – 191, 197, 204, 205, 209, 210, 216, 223 – 229 each ask the Board to admit that COD claimed tax deductions for amounts it paid toward expenses and membership dues allegedly incurred by Plaintiff at the Max McGraw Wildlife Foundation and for amounts it paid toward expenses allegedly incurred by Plaintiff at the Waterleaf Restaurant. The Board responds to each of these requests along the following lines:

> Defendant objects to the relevance of this Request. Stating further, to the extent the Plaintiff caused the College to claim tax deductions for the amounts paid toward Plaintiff's Max McGraw membership dues for FY 2010, it is more evidence of Plaintiff's breach of his fiduciary duties. Further, to the extent Plaintiff references a document in this Request, the College believes the document speaks for itself.

*See, e.g.,* Exh. A at RFA No. 187. These responses are insufficient on several grounds.

*First*, these RFAs are relevant to the merits of the Board's allegations that the expenses allegedly incurred by Plaintiff were not authorized or valid business expenses and thus provided cause for terminating his employment with COD. While the Board apparently believes that evidence on this issue would be supportive of its affirmative claims against Plaintiff, that is not a basis to object, particularly on relevancy. In fact, the Board's assertions that it believes evidence

6

on this issue would be supportive of its own claims demonstrates that these RFAs are relevant.

*Second*, as discussed above, the Board's objections that a referenced document "speaks for itself" are not proper. *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *4; *Virkutis*, 1987 U.S. Dist. LEXIS 14102, at *7-8. Further, Plaintiff has offered that instead of the Board answering these RFAs, that it produce the College's tax returns for the years in question. Exh. D at 4. The Board failed to respond to this request. Thus, the Board's objections that referenced documents speak for themselves is particularly improper as it has sole possession of the documents to which these RFAs relate and apparently refuses to produce those documents.

*Third*, the Board's assertions that the issues addressed in these RFAs would be supportive of its affirmative claims against Plaintiff are unnecessary and argumentative. While qualifications may be made where good faith requires, it "does not justify answers that add unnecessary facts or argument." *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *19. There clearly is no good faith need for qualification here, as the Board did not answer these RFAs. Instead, the assertions added to the Board's responses serve no purpose other than to assert its defenses and to trumpet its affirmative claims against Plaintiff. Such responses are improper and must be removed from the Board's answers. *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *18-19 (ordering responding party to amend answers where qualifications "went beyond the request and added something unnecessary and argumentative"); *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *2 (qualification that amounted to defense to facts stated in request improper); *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 615-16 (N.D. Ill. 2001) (qualification that amounted to "defense to the underlying cause of action" improper).

For the forgoing reasons, the Court should overrule the Board's objections and compel it to answer RFA Nos. 187 – 191, 197, 204, 205, 209, 210, 216, 223 – 229. The Court also should strike the inappropriate commentary included in the Board's responses to these requests.

**D. RFA Nos. 504 – 507, 509 – 515, 517, 518, 520 – 522, 524, 525, 527 – 534, 536 – 541, 543, 544, 546 – 551, 553, 554, 556 – 561, 563, 564, 566 – 569, 571 – 573, 575 – 577, 579 – 586: Baseless Relevancy Objections, Improper "Document Not Attached" and "Speaks for Itself" Objections, and Inappropriate Commentary**

RFA Nos. 504 – 507, 509 – 515, 517, 518, 520 – 522, 524, 525, 527 – 534, 536 – 541, 543, 544, 546 – 551, 553, 554, 556 – 561, 563, 564, 566 – 569, 571 – 573, 575 – 577, 579 – 586 each ask the Board to admit the contents of or facts reflected in certain Board meeting packets, Board meeting minutes, Board Treasurer's Reports, and COD's Schedules of Investments. For example, RFA No. 505 ask the Board to: "Admit that the Schedule of Investments dated April 30, 2014, reflected that the balance of the College's investment in IMET was $10,000,853." The Board responds to RFA No. 505, as well as each of the other forgoing RFAs, along the following lines:

> Defendant objects to the relevance of this Request. Defendant further objects to the reference to a document that is not attached to the Request and that speaks for itself. Stating further, Defendant believes that whatever documents were provided to the Board by Breuder and his administrators concerning investments did not acknowledge to the then Board when particular investments were in violation of Board policy – despite the fact that the administration knowingly authorized investments that were in fact in violation of Board policy.

*See, e.g.,* Exh. A at RFA No. 505. These responses are insufficient on several grounds.

*First*, these RFAs clearly are relevant to the merits of the Board's breach of fiduciary duty claims against Plaintiff concerning the investment of COD funds, as well as to the Board's charges for termination against Plaintiff related to the same, in that they relate to the Board's knowledge that COD's investments were out of compliance and acquiescence to or approval of such non-compliance. Indeed, if the Board was given documents that showed the total amount of COD's investments, along with the amounts invested in each investment fund in which COD invested, the Board would have information sufficient for it to determine whether COD's investments complied with Board policy that only a certain percentage of the total amount of invested COD funds could

8

be invested in any one particular investment fund. If that information showed (by simple math) that the amount invested in any one particular investment fund exceeded the percentage cap permitted by Board policy, and yet the Board voted to approve the information and took no action to direct the Board Treasurer or COD administration to rebalance the investments, it would be evidence that the Board approved the non-compliance of COD's investments. The Board presents no basis why RFAs aimed at such issues are irrelevant, and in fact apparently concedes that these RFAs are relevant to the issue of the Board's knowledge and approval of the non-compliance of COD's investments by the improper assertions it includes in its responses.

*Second*, again, the Board's objections the documents referenced in these RFAs are not attached and "speak for themselves" are not proper. *Whole Woman's Health*, 2020 U.S. Dist. LEXIS 35880, at *19 (overruling document not attached objections); *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *4 (overruling document "speaks for itself" objections). Moreover, given that the documents referenced in these RFAs are Board business records and available on the Board's website,[2] the Board had an obligation to make a reasonable inquiry of the documents referenced in the RFAs. *Loudermilk*, 2009 U.S. Dist. LEXIS 93915, at *3; *see also Stifel*, 2016 U.S. Dist. LEXIS 113012, at *11-12 (reasonable inquiry required respondent to listen to tape recordings provided during discovery); *Virkutis*, 1987 U.S. Dist. LEXIS 14102, at *5-6 (reasonable inquiry not made where defendant failed to review documents "already part of the record).

*Third*, the factual assertions included in the Board's responses are inappropriate. Again, qualifications may be made only where good faith requires and "do[] not justify answers that add

---

[2] Board packets and meeting minutes for each Board meeting are available on the Board's website at https://www.cod.edu/about/board_of_trustees/minutes.aspx and https://www.cod.edu/about/board_of_trustees/. The Board Treasurer's Reports and Schedules of Investments are included in Board packets. For example, the Schedule of Investments referenced in RFA Nos. 504 – 507 and the Board Treasurer's Report referenced in RFA Nos. 509 and 510 can be located at https://www.cod.edu/about/board_of_trustees/pdf/packets/2014may22packet.pdf.

9

unnecessary facts or argument." *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *19. There clearly is no good faith need for qualification since the Board did not answer these RFAs. Instead, the assertions added to the Board's responses serve only to assert the Board's defenses to the facts stated in the RFAs and thus must be omitted from the Board's answers. *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *18-19; *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *2-3; *Meyer*, 199 F.R.D. at 615-16.

For the forgoing reasons, the Court should overrule the Board's objections and compel it to answer RFA Nos. 504 – 507, 509 – 515, 517, 518, 520 – 522, 524, 525, 527 – 534, 536 – 541, 543, 544, 546 – 551, 553, 554, 556 – 561, 563, 564, 566 – 569, 571 – 573, 575 – 577, 579 – 586. The Court also should strike the inappropriate commentary included in the Board's responses.

E. **RFA Nos. 152 – 155: Meritless Form Objections**

RFA Nos. 152 and 153 ask the Board to admit that neither the DuPage County State's Attorney nor the United States Attorney has taken any action against COD for the loss, destruction, or spoliation of evidence responsive to the grand jury subpoenas issued to COD in 2015. Similarly, RFA Nos. 154 and 155 ask the Board to admit that no charges have been brought against COD as a result of the grand jury investigations. The Board "objects to the form" of these RFAs.

To start, the Board's "form" objections are improper for basic reason that the Board utterly fails to explain what about the form of these requests is objectionable. "Rule 36 requires that if objections to the request to admit are made, 'the reasons therefor shall be stated.'" *Hunt v. Nw. Suburban Cmty. Hosp., Inc.*, No. 03 C 50250, 2007 U.S. Dist. LEXIS 37157, at *8 (N.D. Ill. May 22, 2007) (quoting FED. R. CIV. P. 36(a)(5)). "[B]oilerplate objections which were not backed up with any reason or justification," are "unfounded" and must be stricken. *Id.*

Tellingly, despite Plaintiff raising the impropriety of the Board's "form" objections in the parties' Rule 37 correspondence (Exh. B at 12), the Board made no effort whatsoever to explain

10

the specific basis for its objections (Exh. C). Truly, there is nothing objectionable about the "form" of RFA Nos. 152 – 155. The reality is that the Board simply does not want to answer these requests because a truthful answer would produce strong evidence that there was no fraud, no misuse of taxpayer money, and no improprieties occurring at COD while Plaintiff was president. The Board's objections to RFA Nos. 152 – 155 are baseless and the Board should be compelled to answer.

### F. RFA Nos. 233 – 235: Meritless Ambiguity Objections

RFA Nos. 233 – 235 ask the Board to admit that it has never taken any action against the Foundation[3] with respect to payments made by the Foundation toward Plaintiff's Max McGraw Wildlife Foundation membership, expenses allegedly incurred by Plaintiff at Max McGraw, or expenses allegedly incurred by Plaintiff at the Waterleaf. The Board objects to these RFAs "to the extent that the term "taken action against" is vague and ambiguous." The Board's objection is meritless, as "taken action against" "are ordinary words that do not require definition." *Thermapure, Inc. v. Giertsen Co. of Ill., Inc.*, No. 10 C 4724, 2013 U.S. Dist. LEXIS 41086, at *10 (N.D. Ill. Mar. 25, 2013) (overruling ambiguity objections to terms and phrases such as, "monitored," "disposed," "temperature indicating probes," "gas source," and "source of air").

"[A] party responding to a request for admission is required to use reason and common sense in interpreting phrases used in the request." *Whole Woman's Health*, 2020 U.S. Dist. LEXIS 35880, at *18; *see also* FED. R. CIV. P. 36(a)(4) (answers "must fairly respond to the substance of the matter"). It is clear that the Board has not done that here, and that the only reason it feigns a confused understanding of the phrase "taken action against" is to evade an admission. Thus, the Court should overrule the Board's objections and compel it to answer RFA Nos. 233 – 235.

---

[3] The College of DuPage Foundation is a non-profit organization that raises funds for the College of DuPage.

11

### G. RFA Nos. 156, 281, 282, 292, 294: Unfounded Legal Conclusion Objections

The Board objects to RFA Nos. 156, 281, 282, 292, and 294 on the grounds that the requests call for legal conclusions. While "[a] party cannot be asked to admit a legal conclusion[, ] 'requests on mixed matters of law and fact or other legal conclusions that directly relate to the facts of the case are authorized.'" *Hanley v. Como Inn, Inc.,* No. 99 C 1486, 2003 U.S. Dist. LEXIS 7130, at *7-8 (N.D. Ill. Apr. 25, 2003) (quoting *Hart v. Dow Chemical*, 1997 U.S. Dist. LEXIS 15685, No. 95 C 1811, 1997 WL 627645, at *8 (N.D. Ill. Sept. 30, 1997)). The RFAs objected to by the Board either do not call for legal conclusions or seek admissions as to the application of facts to law.

RFA No. 156 asks the Board to "[a]dmit that the allegations in paragraph 1 of the Termination Resolution amount to charges of spoliation or destruction of evidence." Similarly, RFA Nos. 292 and 294 ask the Board to admit that the allegations in paragraph 2 of the Termination Resolution amount to allegations that Breuder violated Section 5-15 of the State Officials and Employees Ethics Act (5 ILCS 430/5-15) and Section 9-25.1 of the Illinois Election Code (10 ILCS 5/9-25.1). These requests do not call for legal conclusions. Instead, they ask the Board to confirm its position on the meaning of the allegations set forth its resolution to terminate Plaintiff: namely, are the allegations charges of spoliation or destruction of evidence and violations of state statutes or not? There is no reason why the Board cannot admit or deny these requests.

RFA No. 281 asks the Board to "[a]dmit that Foundation funds do not constitute "public funds" under Section 9-25.1 of the Illinois Election Code, 110 ILC 5/9-25.1." Similarly, RFA No. 282 as the Board to "[a]dmit that Foundations funds do not constitute "State property or resources" under the Illinois State Officials and Employee Ethics Act, 5 ILCS 430 *et seq*." These requests, which ask the Board to apply the facts of this case (*i.e.,* Foundation funds[4]) to applicable law (*i.e.,*

---

[4] The Board also objects that "Foundation funds" is vague and ambiguous. This objection is meritless. The Board knows what "Foundation" refers to and "funds" is a commonly used term. *Thermapure*, 2013 U.S. Dist. LEXIS 41086,

12

the Illinois Election Code and the Illinois State Officials and Employee Ethics Act) are proper. *Whole Woman's Health*, 2020 U.S. Dist. LEXIS 35880, at *6-9 (requests relating to application of Indiana statutes to facts of the case were proper, even where requests sought admissions as to what the law required or allowed); *see also* FRCP 36(a) advisory committee's note to 1970 amendment (example of application of fact to law is whether "the premises on which said accident occurred, were occupied or under the control of one of the defendants") (internal cite and quotes omitted).[5]

For the forgoing reasons, the Court should overrule the Board's objections and compel it to answer RFA Nos. 156, 281, 282, 292, and 294.

## H. RFA No. 456: Waived Privilege Assertion

RFA No. 456 asks the Board to "[a]dmit that during Breuder's tenure as COD President, the College's legal counsel advised the College that construction management services were commonly considered as professional services exempt from a formal bidding process under the Illinois Public Community College Act, 110 ILCS 805/3-27.1." The Board objects based on attorney-client privilege. While Plaintiff does not dispute that RFA No. 456 concerns a privileged communication, the Board has waived the privilege by disclosure to the Illinois Auditor General.

Specifically, the Illinois Auditor General's Performance Audit Report of COD states:

> According to College officials, in January 2015 the College's previous Legal Counsel had advised the College that construction management services were commonly being considered as professional services. The Illinois Public Community College Act (110 ILCS 805/3-27.1) indicates that "contracts for the services of individuals possessing a high degree of

---

at *9 (ambiguity objections to "Water Out trailer" "border[ed] on frivolous" where respondent's own use of the term made clear he "knows full well" what it meant); *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *2-3 (ambiguity objections to "Comdisco insider" and "one of its top executives" deemed "really nonsense" because the terms are familiar terms).

[5] *See also Phan v. Convergent Outsourcing, Inc.*, No. 3:14-CV-84-J-25JBT, 2014 U.S. Dist. LEXIS 191988, 2014 WL 12623815, at *3 (M.D. Fla. July 16, 2014) (request to admit that "Defendant used an 'automatic dialing system' within the meaning of the TCPA" deemed proper); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 U.S. Dist. LEXIS 80182, 2007 WL 3171768, at *5 (D. Kan. Oct. 29, 2007) (request to admit "that no state law required an identified Defendant to contract with [plaintiff]" deemed proper); *Caruso v. Coleman Co.*, No. CIV. A. 93-CV-6733, 1995 U.S. Dist. LEXIS 7934, 1995 WL 347003, at *4 (E.D. Pa. June 7, 1995) (request to admit that a corporation was a citizen of a particular state under 28 U.S.C. § 1332 deemed proper;

>professional skill where the ability or fitness of the individual plays an important part" (commonly referred to as professional services) are exempt from the formal bidding process.

Ill. Auditor General, *Performance Audit Report of College of DuPage*, 73 (Sept. 2016), *available at* https://www.auditor.illinois.gov/Audit-Reports/Performance-Special-Multi/Performance-Audits/2016_Releases/16-College-of-DuPage-Perf-Full.pdf.

The Board cannot voluntarily waive privilege and then reassert it when the Board finds it convenient to do so. Once the privilege is waived, it is waived. *Vardon Golf Co. v. Karsten Mfg. Corp.*, 213 F.R.D. 528, 532 (N.D. Ill. 2003) ("voluntary disclosure of privileged communications waives the privilege . . . ."). Thus, the Court should compel the Board to answer RFA No. 456.

## I. RFA No. 11: Partial Answer

RFA No. 11 asks the Board to admit that annual audits were conducted by an external auditor, Crowe Horwath, "in accordance with Board Policy No. 5-15." While "the College admits that Crowe Horwath conducted audits of the College for each of FY 2009-2014," it neither admits nor denies that the audits were conducted in accordance with Board Policy No. 5-15. As stated in Rule 36(a), "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). Plaintiff's counsel raised this issue in the parties' Rule 37 correspondence, Exh. D at 2 n.1, but the Board failed to respond or revise its answer. Accordingly, the Court should deem RFA No. 11 admitted in full.

## J. RFA Nos. 508, 516, 519, 523, 526, 535, 542, 545, 552, 555, 562, 565, 570, 574, 578: Equivocal Admissions and Inappropriate Qualifications

The Board answers that it "believes the allegations" in RFA Nos. 508, 516, 519, 523, 526, 535, 542, 545, 552, 555, 562, 565, 570, 574, 578 "to be correct." Such equivocal admissions are improper. The Board had an obligation to conduct a reasonable inquiry to determine whether the allegations in these requests was true or not. *Loudermilk*, 2009 U.S. Dist. LEXIS 93915, at *3; *see*

14

*also Stifel,* 2016 U.S. Dist. LEXIS 113012, at *11-12; *Virkutis*, 1987 U.S. Dist. LEXIS 14102, at *5-6. Proof of the allegations set forth in these requests is contained in the Board Treasurer's Reports and Schedule of Investments, which are available on the Board's website. *See supra* at 10 n.2. There is no reason the Board could not consult those documents to unequivocally admit these RFAs. Since it appears that an admission is appropriate, the Court should deem admitted RFA Nos. 508, 516, 519, 523, 526, 535, 542, 545, 552, 555, 562, 565, 570, 574, 578.

Further, the Court should strike the inappropriate qualifications stated along with the Board's equivocal admissions. The Board states in response to these requests: "To the extent the allegation is correct, it provides further evidence of Plaintiff's breach of his fiduciary duties – both because his administration knowingly authorized the investment of funds in violation of Board policy and because they concealed that fact from the Board." *See, e.g.,* Exh. A at RFA No. 508. These statements do not serve to avoid an improper inference from the Board's equivocal admissions and instead serve only to state the Board's defenses and trumpet its affirmative claims against Plaintiff. The statements are improper and must be stricken. *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *18-19; *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *2-3; *Meyer*, 199 F.R.D. at 615-16.

### K. RFA Nos. 193, 201, 207, 212, 630 – 32: Inappropriate Qualifications

Although the Board admits RFA Nos. 193, 201, 207 and 212, it adds that the exhibits referenced in the requests are "further evidence of Plaintiff's breach of his fiduciary duties." Similarly, in response to RFA Nos. 630 – 632, which the Board denies, the Board states its belief that the requests are a "disingenuous attempt to escape responsibility for the failings of the Breuder administration that were pointed out by the Auditor General." Again, qualifications like these which do not serve to protect against an improper inference to be drawn from an admission and are meant only to state defenses are improper and must be stricken. *Stifel*, 2016 U.S. Dist. LEXIS

113012, at *18-19; *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *2-3; *Meyer*, 199 F.R.D. at 615-16.

## **CONCLUSION**

WHEREFORE Plaintiff respectfully requests that the Court enter an order granting the relief requested herein or for any other relief the Court deems appropriate.

| | |
|---|---|
| Dated: August 28, 2020 | Respectfully submitted, |
| | /s/ Melissa N. Eubanks |
| | Melissa N. Eubanks |
| | FIGLIULO & SILVERMAN, P.C. |
| | 10 S. LaSalle Street, Suite 3600 |
| | Chicago, IL 60603 |
| | (312) 251-4600 |
| | *Attorneys for Plaintiff* |

## **CERTIFICATE OF SERVICE**

Melissa N. Eubanks, an attorney, states that a copy of the attached

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RULE 36(A)(6) MOTION REGARDING DEFENDANT BOARD OF TRUSTEES RESPONSES TO REQUESTS FOR ADMISSION**

will be caused to be served upon all counsel of record via electronic notification by the United States District Court's ECF System on August 28, 2020.

                                              _/s/ Melissa N. Eubanks