# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT BREUDER,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 502, DUPAGE COUNTY, ILLINOIS, a Illinois body politic ad corporate, KATHY HAMILTON in her official and individual capacity, DEANNE MAZZOCHI in her official and individual capacity, FRANK NAPOLITANO in his official and individual capacity, and CHARLES BERNSTEIN in his official and individual capacity,<br><br>    Defendants. | Case No. 1:15-cv-9323<br><br>Hon. Andrea R. Wood<br><br>Hon. Jeffrey I. Cummings (Magistrate) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RULE 36(A)(6) MOTION REGARDING DEFENDANTS MAZZOCHI'S, NAPOLITANO'S, AND BERNSTEIN'S <u>RESPONSES TO REQUESTS FOR ADMISSION</u>**

Plaintiff Robert L. Breuder, through his attorneys and pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure, hereby files this motion to deem admitted, or alternatively to compel amended responses to, certain of his requests for admission directed to Defendants Deanne Mazzochi, Frank Napolitano, and Charles Bernstein (collectively, "Defendants").

## INTRODUCTION

As the Court is aware, this is not your run-of-the-mill employment dispute. In October 2015, Defendants terminated Plaintiff's employment with the College of DuPage in violation of his employment contract and constitutionally-guaranteed due process rights on groundless and false charges of misconduct that spanned near the entirety of his 5-year tenure as COD President. This case thus presents not only complex legal issues but also numerous factual issues.

In an effort to narrow those issues for trial, as well as for depositions and expert discovery, Plaintiff served each Defendant requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure on December 4, 2019 (the "RFAs"). Napolitano and Bernstein served their responses on March 13, 2020. Mazzochi served her responses on March 16, 2020. Despite having received an additional 70+ days to respond, *see* Dkt. Nos. 248, 274, Defendants' responses to Plaintiff's RFAs blatantly failed to comply with Rule 36. Specifically, Defendants failed to clearly admit or deny requests, claimed that it was impossible to admit or deny requests while also providing partial answers that did not fairly meet the substance of the request, provided answers that were non-responsive, added unnecessary argument, and made baseless objections. It is a litigation tactic plainly intended to unnecessarily complicate and confuse this proceeding which, Plaintiff respectfully submits, should not be countenanced by this Court.

Plaintiff has made extensive efforts to obtain answers from Defendants that comply with Rule 36, including by providing Defendants with several citations to case law from this and other

jurisdictions demonstrating the deficiencies of Defendants' responses. *See* Exhs. B – G (Ltrs. from M. Eubanks to A. Porter and J. Boquist). While Defendants did revise some responses on June 15, 2020, they largely failed to address the clear deficiencies raised by Plaintiff. In fact, Defendants' revised responses only compounded the evasiveness of their prior responses. Despite his efforts to obtain compliance from Defendants, Plaintiff is forced to ask the Court to deem many of his RFAs admitted or, alternatively, to order Defendants to amend their answers to comply with Rule 36.

## LEGAL STANDARDS APPLICABLE TO REQUESTS FOR ADMISSION

"Requests to admit serve to narrow the issues at trial and can help parties limit the need for extensive discovery as to issues that can be addressed through Rule 36 admissions." *Loudermilk v. Best Pallet Co., LLC*, No. 08 C 06869, 2009 U.S. Dist. LEXIS 93915, at *1 (N.D. Ill. Oct. 8, 2009). To further that aim, Rule 36 allows a responding party one of four options: (1) object; (2) admit; (3) deny; or (4) "state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4); *see also Loudermilk*, 2009 U.S. Dist. LEXIS 93915, at *2.

"A responding party that cannot admit or deny a request outright may make an admission with a qualification or deny only part of a request." *Id.* at *4. However, "[q]ualifications must be made in good faith, and the responding party must specifically state what part of the request is true . . . and deny only the remainder." *Id.* (quotations omitted). "[T]he need for qualification does not justify answers that add unnecessary facts or argument." *United States SEC v. Stifel, Nicolaus & Co.*, No. 11-C-0755, 2016 U.S. Dist. LEXIS 113012, at *19 (E.D. Wis. Aug. 24, 2016). "A denial must fairly respond to the substance of the matter," FED. R. CIV. P. 36(a)(4), and "'[i]t is expected that denials will be forthright, specific, and unconditional.'" *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *3 (quoting 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 220 (3d ed. 2010)).

A responding party also "is not permitted to merely rely on his lack of personal knowledge

2

when responding to requests to admit." *Lambert v. Owens*, No. 99 C 50076, 2002 U.S. Dist. LEXIS 14789, at *2 (N.D. Ill. Aug. 9, 2002). Rather, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). "Whether an inquiry is reasonable depends on the facts of the case," but typically includes consultation of persons and documents in the responding party's possession, custody, or control. *Loudermilk*, 2009 U.S. Dist. LEXIS 93915, at *3. In that regard, it also is improper to object on the basis that a request references a document not attached. The attachment requirement of Rule 36(a)(2) pertains only to requests that seek admissions as to a document's genuineness. *Whole Woman's Health All. v. Hill*, No. 1:18-cv-01904-SEB-MJD, 2020 U.S. Dist. LEXIS 35880, at *19 (S.D. Ind. Mar. 2, 2020) ("Rule 36(a)(2) applies only to '[a] request to admit the genuineness of a document.'") (citing FED. R. CIV. P. 36(a)(2)).

Pursuant to Rule 36(a)(6), a requesting party may file a motion with the court to determine the sufficiency of an answer or objection. FED. R. CIV. P. 36(a)(6). If the court deems an answer insufficient, it "may order either that the matter is admitted or that an amended answer be served." *Id.* For objections that are not justified, the court "must order that an answer be served." *Id.*

### THE REQUESTS FOR ADMISSION SUBJECT TO THIS MOTION

Defendants' responses to RFA Nos. 3 – 7, 11, 16, 17, 21 – 28, 51 – 57, 72 – 91, 95 – 105, 136 – 139, 141, 142, 144 – 154, and 156, as well as Mazzochi's responses to RFA Nos. 38 – 39, 60, 62, 143, and 155, fail to comply with Rule 36(a)(4) & (5). Specifically, Defendants' responses contain one or more of the following deficiencies: (a) failure to make a reasonable inquiry; (b) denials improperly qualified by an alleged lack of recollection; (c) denials subject to meritless privilege claims; (d) baseless relevancy objections; (e) meritless ambiguity objections; (f)

3

inappropriate legal conclusions objections; and (e) unnecessary and argumentative commentary.

While Defendants may contend that their responses to the foregoing RFAs are sufficient because Defendants have, for the most part, "denied" each of the requests, Defendants' purported denials are so heavily qualified or conditioned upon their meritless objections that they are effectively meaningless. As their responses stand, Defendants not only have failed to meaningfully answer in compliance with Rule 36(a)(4) but have responded in a manner that serves only to frustrate and further prolong discovery in this matter and the resolution of this dispute. Accordingly, for the reasons set forth below, Plaintiff primarily requests that the Court deem each of the foregoing RFAs admitted. Alternatively, Plaintiff requests that the Court compel Defendants to provide amended answers to the foregoing RFAs that strictly comply with Rule 36(a)(4).

For the Court's convenience, Plaintiff has compiled each Defendant's responses to the foregoing RFAs into a single document, which is attached hereto as Exhibit A.[1] In light of the number of RFAs at issue and the length of Defendants' responses, Plaintiff has not included the text of the RFAs and responses into this pleading (other than to provide a few examples of the challenged deficiencies) but instead incorporates that text herein through Exhibit A. Further, given that Defendants responded to many of the RFAs at issue with the same stock responses, which each contain multiple deficiencies, Plaintiff believes it is most efficient to address Defendants' responses categorically by deficiency instead of on a request-by-request basis.

### A. Failure to Make a Reasonable Inquiry

Defendants assert a lack of recollection and/or failure to attach documents as a basis for failing to unconditionally admit or deny RFA Nos. 3 – 7, 11, 16, 17, 21 – 28, 51 – 57, 72 – 91 (Napolitano and Bernstein only), 95 – 105, 136 – 138, 139 (Napolitano and Bernstein only), 141,

---

[1] Defendants' complete responses to Plaintiff's RFAs can be provided upon the Court's request.

4

142, and 144 – 154. Not only are these assertions incredulous, as these requests pertain to the supposed bases upon which Defendants advocated and voted to fire Plaintiff, but they highlight that Defendants did not make a reasonable inquiry as required by Rule 36(a)(4). Defendants' failure is apparent because: (a) the requests reference documents known and available to Defendants[2]; (b) Defendants fail to articulate why the information known and available to them is insufficient to answer; and (c) Defendants' acknowledgement that their lack of "recollection could be refreshed . . . at [their] deposition or otherwise" shows that they could (and should) have tried to refresh their recollection by reviewing available materials before answering but did not.

For example, RFA Nos. 95 – 105, 141 and 142 refer to minutes or packets for certain Board meetings or actions taken by the Board at certain Board meetings reflected in the meeting minutes. Defendants object, in part, that they "ha[ve] no way of knowing whether Plaintiff has accurately, or completely, quoted from the [referenced] document," and should not have to "search for, locate, and examine a document or documents that speak for themselves . . . ." Such objections are disingenuous in that Defendants know—and have admitted—that Board meeting minutes and packets are posted and readily available on the Board's website (Ans. RFA Nos. 92 & 93). Thus, Defendants easily could have directed their web browsers to the Board's website to locate the minutes or packet corresponding with the particular Board meetings referenced in the RFAs. Defendants give no reason why or how such a task would be burdensome. Defendants in fact demonstrate that they are capable of reviewing publicly-available Board materials by the improper comments they have included in their responses to many of to Plaintiff's RFAs (discussed below).

---

[2] RFA Nos. 3 – 5, 16, 17, 21 – 25, 28 and 51 – 54 reference documents attached to Plaintiff's Complaint; RFA Nos. 55 – 57 and 88 – 91 reference the Foundation Memorandum of Understanding, which has been produced in this litigation and is available on the internet (https://foundation.cod.edu/file/MOU.pdf); RFA Nos. 136 – 139 and 152 reference certain Board policies in effect as of October 20, 2015, which have been produced (multiple times) in this litigation; and RFA Nos. 95 – 105, 141 and 142 reference Board meeting minutes and packets available on the Board's website (https://www.cod.edu/about/board_of_trustees/minutes.aspx & https://www.cod.edu/about/board_of_trustees/).

It simply is not proper to claim a lack of recollection or to feign difficulty in reviewing documents that are part of the record or otherwise readily available as a basis for failing to properly respond to a request. *Stifel,* 2016 U.S. Dist. LEXIS 113012, at *11-12 (reasonable inquiry required respondent to listen to tape recordings provided during discovery); *United States v. Virkutis*, No. 83 C 1758, 1987 U.S. Dist. LEXIS 14102, at *5-6 (N.D. Ill. Mar. 10, 1987) (reasonable inquiry not made where defendant failed to review documents "already part of the record").[3] Nor is it proper to assert a lack of recollection without stating why available information is insufficient to admit or deny a request. *Hanley v. Como Inn, Inc.,* No. 99 C 1486, 2003 U.S. Dist. LEXIS 7130, at *8 (N.D. Ill. Apr. 25, 2003) ("If [respondent] still cannot admit or deny the requests after making the inquiry [of available documents], he must provide a detailed explanation why that is so.").

Plaintiff has twice now implored Defendants to conduct the reasonable inquiry required of them, but they have refused. Exhs. B – G. Plaintiff also has asked that, to the extent Defendants' truly lack recollection, that they specifically state why information and documents available to them are insufficient to admit or deny a request, as required by Rule 36(a)(4). *Id.* But Defendants have made no attempt to fulfill that requirement other than to make conclusory assertions that they cannot recall what they were or were not aware of approximately four-and-one-half years ago.

In light of Defendants' refusal to satisfy the most basic requirement of Rule 36, after being given repeated opportunities to do so, the Court should deem admitted RFA Nos. 3 – 7, 11, 16, 17, 21 – 28, 51 – 57, 72 – 91 (Napolitano and Bernstein only), 95 – 105, 136 – 138, 139 (Napolitano and Bernstein only), 141, 142, and 144 – 154. Alternatively, the Court should compel Defendants to conduct a reasonable inquiry and answer or amend their answers to comply with Rule 36(a)(4),

---

[3] Relatedly, it is improper to object on the basis that documents referenced in a request "speak for themselves." *Flohr v. Comdisco, Inc.*, No. 01 C 3187, 2002 U.S. Dist. LEXIS 6876, at *4 (N.D. Ill. Apr. 17, 2002) ("Flohr's assertions that a 'document speaks for itself' … are no more acceptable for Rule 36(a) purposes than they are in a responsive pleading."). Yet, Defendants object on this basis to RFA Nos. 51 – 57 & 95 – 105. Such objections must be overruled.

6

including by specifically describing why information available to Defendants is insufficient to enable them to admit or deny the RFAs without their alleged "lack of recollection" qualifications.

### B. Denials Qualified by Alleged Lack of Recollection or Failure to Attach Documents

Despite their claims that they lack recollection or information sufficient to adequately respond to Plaintiff's RFAs, Defendants nonetheless conditionally deny many of the RFAs identified above based on their alleged lack of recollection and information. The responses containing such qualified denials include Defendants' responses to RFA Nos. 26, 27, 51 – 57, 97, 153, and 154, and Napolitano's and Bernstein's responses to RFA Nos. 11, 16, 17, 21 – 25, 28, 72 – 88, 95, 96, 98 – 105, 136 – 139, 141 – 142, 144 – 152.[4]

For example, Napolitano and Bernstein respond to a number of RFAs as follows:

> Deny. Stating further, Defendant Napolitano does not recall what he was or what he was not asked to confirm approximately four and one half years ago. Plaintiff appears to be referencing a document that was not attached to his Requests to Admit. Defendant Napolitano acknowledges that his recollection could be refreshed on this issue at his deposition or otherwise.

Exh. A at RFA Nos. 26, 27, 51 – 57, 101, 141 – 142, and 152 – 154. In other instances, Napolitano and Bernstein assert various objections, including that they lack recollection or that a referenced document is not attached, and then respond in closing, "[t]herefore [or otherwise], Defendant denies this Request." *Id.* at RFA Nos. 11, 16, 17, 21 – 25, 28, 136 – 139, and 144 – 151. Mazzochi likewise responds to several RFAs with denials followed by a statement that she lacks recollection, *id.* at RFA Nos. 26, 27, 51 – 57, or she responds with various objections, including that she lacks recollection, followed by the statement, "[o]therwise, denied," *id.* at RFA Nos. 97, 153, and 154.

Answers such as these clearly fail to comply with Rule 36. As discussed above, the rule permits a party responding to requests for admission one of four options—none of which are to

---

[4] To the extent Defendants' denials to RFA Nos. 3 – 7 also were intended to be qualified by their alleged lack of recollection and information, the following discussion equally applies.

7

deny qualified by an alleged lack of recollection. Indeed, "'[i]t is expected that denials will be forthright, specific, and unconditional.'" *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *3-4 (quoting 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 220 (3d ed. 2010)). Accordingly, in situations where a respondent truly lacks recollection or information sufficient to respond, Rule 36(a)(4) provides that the proper response is to neither admit nor deny but to instead explain why information available to the respondent is insufficient to enable it to either admit or deny.

The responses that Defendants provided here clearly serve only to render Plaintiff's RFAs useless and to attempt an end-run around the potentially sanctionable effect of an improper denial. Defendants should not be permitted to game Rule 36(a)(4) in this way, and thus the Court should deem admitted the RFAs listed above. Alternatively, Defendants should be compelled to amend their answers to those RFAs either to: (a) admit or deny without a "lack of recollection" or "insufficient information" qualification; or (b) neither admit nor deny but instead explain why information available to Defendants is insufficient for them to admit or deny the request.

### C. Denials Qualified by Meritless Privilege Objections

Defendants object to and/or deny RFA Nos. 3 – 7, 16, 17, 21 – 25, and 28 based on assertions that the requests require Defendants to disclose privileged communications. Mazzochi also objects to and/or denies RFA Nos. 11, 39, 72 – 89, and 141 – 154 based on privilege assertions. Defendants' privilege objections are meritless, as these RFAs seek admissions only as to facts known to Defendants when they voted to take action against Plaintiff's employment with COD.

For example, RFA Nos. 16, 17, 21 – 25, and 28, ask Defendants to admit that, prior to October 20, 2015 (the date they voted to terminate Plaintiff), they were aware of correspondence exchanged between Plaintiff's counsel and the Board's counsel in which Plaintiff requested an opportunity to appear before the Board. Napolitano and Bernstein object to each of these requests

8

"to the extent it touches upon privileged communications." Mazzochi similarly objects "to the extent [the requests] would require Mazzochi to disclose information, or admit an awareness, that would have resulted from communications with counsel for the College of DuPage and thereby would risk revealing the substance of communications and legal advice from College counsel." Defendants then deny each request subject to their privilege objections.

As another example, RFA Nos. 72 – 88 ask Defendants to admit that, as of October 20, 2015, they knew COD had claimed tax deductions for expenses allegedly incurred by Plaintiff at the Waterleaf and Max McGraw. In addition to a relevance objection and gratuitous comments, Mazzochi "objects to [each] Request to the extent it would require Mazzochi to disclose information, or admit an awareness, that would have resulted from communications with counsel for the College of DuPage and thereby would risk revealing the substance of communications and legal advice from College counsel." Mazzochi then states, "[s]ubject to that limitation, deny."

Defendants' objections and responses are clearly improper, as it is axiomatic that facts are not privileged—*even if* conveyed from attorney to client. *ChampionsWorld, LLC v. United States Soccer Fed'n*, 276 F.R.D. 577, 589 (N.D. Ill. 2011) ("privilege does not protect facts that an attorney obtains from independent sources and conveys to his client"); *Purvis v. Bd. of Educ.*, Nos. 05- 1348, 05-1350, 2006 U.S. Dist. LEXIS 64533, at *11 (C.D. Ill. Sep. 11, 2006) ("Facts cannot be made privileged simply by the telling; attorney client privilege does not protect facts."). Moreover, Plaintiff has a right to discover *all* facts known to Defendants when they voted to fire him, even if Defendants learned of those facts through COD's attorney-led investigation. *Epic Sys. Corp. v. Tata Consultancy Servs.,* No. 14-cv-748-wmc, 2015 U.S. Dist. LEXIS 166438, at *14 (W.D. Wis. Dec. 10, 2015) ("Epic has the right to discover what factual information Menon and others at TCS learned during the investigation."); *Purvis*, 2006 U.S. Dist. LEXIS 64533, at *16-

9

17 (overruling privilege objection to interrogatory that asked "whether Plaintiff or counsel knows of anyone who claims to have overheard a statement" because it "plainly asks about underlying facts, and such facts are not privileged simply because her attorney knows about them").

It is clear that Defendants are using their privilege objections solely as a means to delay and avoid having to truthfully admit facts they know to be harmful. Indeed, as to RFA Nos. 16, 17, 21 – 25, and 28, in particular, were Defendants to admit that they were aware that Plaintiff had requested a name-clearing hearing prior to his wrongful termination on October 20, 2015, it would be critical evidence that Defendants knowingly and willfully violated Plaintiff's due process rights. That Defendants are wrongfully using the privilege to conceal such facts is demonstrated by the privilege log produced by COD in this action, which clearly shows that Defendants did, in fact, receive the correspondence referenced in RFA Nos. 16, 17, 21 – 25, and 28 prior to voting to fire Plaintiff. *See* Exh. H (excerpts of COD privilege log) at Nos. 513 – 519 (email from COD counsel to Defendants transmitting correspondence referenced in RFA Nos. 16, 17, 21 – 25, and 28).

In sum, Defendants cannot use the attorney-client privilege to evade truthfully answering requests that pertain to facts known to them. The Court should deem admitted or otherwise compel Defendants to answer RFA Nos. 3 – 7, 16 – 17, 21 – 25, and 28. The Court also should deem admitted or otherwise compel Mazzochi to answer RFA Nos. 11, 39, 72 – 89, and 141 – 154.

### D. Baseless Relevancy Objections

Defendants' relevancy objections to RFA Nos. 6, 7, 72 - 88, 136 – 138, 141 – 142, and 144 – 151, and Mazzochi's relevancy objections to RFA Nos. 101 – 105 and 152 – 154 are baseless.

RFA Nos. 6 and 7 seek admissions that Defendants were aware that the Board failed to provide notice and an opportunity to be heard to Breuder prior to voting to declare his employment contract void *ab initio*. These RFAs are relevant to whether Defendants knowingly and willfully

10

violated both the notice provisions of Plaintiff's employment contract and his due process rights.[5]

RFA Nos. 72 – 88 seek admissions that Defendants were aware that COD claimed tax deductions for expenses allegedly incurred by Plaintiff at the Waterleaf and Max McGraw. These RFAs are relevant to the merits of the Board's allegations that the expenses allegedly incurred by Plaintiff provided cause for terminating his employment, and to whether Defendants recklessly violated Plaintiff's contractual and due process rights by advocating such allegations knowing COD claimed and received tax benefits for such expenses.

RFA Nos. 101 – 105 seek admissions as to facts reflected in Board meeting minutes and packets regarding surveys conducted by Unicom Arc in relation to the 2010 Bond Referendum. These RFAs are relevant to the merits of the Board's allegations that the services provided by Unicom Arc provided cause for terminating Plaintiff's employment, and to whether Defendants recklessly violated Plaintiff's contractual and due process rights by advocating those allegations knowing that the Board was aware of and approved the services of Unicom Arc.

RFA Nos. 136 – 138 seek admissions that Defendants were aware of various Board policies concerning the investment of COD funds, particularly policies relating to the delegation of authority by the Board for the management and oversight of the investment of COD funds. These RFAs are relevant to the merits of the Board's breach of fiduciary duty claims against Plaintiff regarding the investment of COD funds, as well as to the Board's charges for termination against Plaintiff related to the same. COD's president has only those duties, responsibilities, and authorities delegated to him by the Board. If the Board designated itself as having the ultimate

---

[5] As the Seventh Circuit already determined in this matter, "a hearing is required whenever the officeholder has a 'legitimate claim of entitlement' [citation omitted] to keep the job. Breuder, who had a written contract for a term of years, assuredly had a legitimate *claim* of entitlement to have the Board honor its promise." *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, 888 F.3d 266, 270 (7th Cir. 2018). Accordingly, since "[b]oth the duration of Breuder's tenure and the existence of misconduct (essential to discharge him early, if the contract is valid) were debatable subjects," Plaintiff not only was entitled to a hearing on the validity of his employment contract, but "[t]he members who refused even to listen to him violated his clearly established rights." *Id*

11

fiduciary responsibility for the investment of COD funds and delegated authority for oversight and implementation of investments to the Board Treasurer, those facts are relevant to whether the allegations against Plaintiff are warranted and to whether Defendants recklessly violated Plaintiff's contractual and due process rights by advocating those allegations knowing they were groundless.

RFA Nos. 141 – 142 and 144 – 154 seek admissions that Defendants knew that documents submitted to the Board in 2014 concerning COD's investments revealed that the investments were out of compliance and that the Board did not direct the Board Treasurer to bring the investments in compliance at the time. These RFAs are relevant to the merits of the Board's breach of fiduciary duty claims against Plaintiff concerning the investment of COD funds, as well as to the Board's charges for termination against Plaintiff related to the same, in that they relate to the Board's knowledge that COD's investments were out of compliance and acquiescence to or approval of such non-compliance. These RFAs also are relevant to whether Defendants recklessly violated Plaintiff's rights by advocating the investment-related allegations knowing they were groundless.

As demonstrated, there is no basis for Defendants' relevancy objections. The Court should overrule those objections and compel Defendants to answer or amend their answers to RFA Nos. 6, 7, 72 – 88, 136 – 138, 141 – 142, and 144 – 151.[6] The Court also should overrule Mazzochi's relevancy objections and compel her to answer RFA Nos. 101 – 105 and 152 – 154.

### E. Meritless Ambiguity Objections

Defendants object that the phrase "ultimate fiduciary responsibility" in RFA No. 136 is vague and ambiguous. Napolitano and Bernstein also object that the phrases, "responsibility for

---

[6] In concluding their responses to RFA Nos. 72 – 88, 136 – 138, and 144 – 151, Napolitano and Bernstein state that they "therefore" or "otherwise" deny the requests. Plaintiff's counsel requested clarification from Napolitano and Bernstein's counsel as to whether their denials were based on or subject to their relevancy objections. *See* Exh. D at 4 n.4. However, Plaintiff's counsel never received a response. Thus, it is unclear whether Napolitano and Bernstein have asserted their relevancy objections merely to preserve the objection or if they have limited their answers based on the objection. To the extent their answers are limited, they should be compelled to amend their answers as stated herein.

12

implementation and ongoing monitoring and oversight of the College's investment portfolio" and "establishing and maintaining an internal control structure," used in RFA Nos. 137 and 138, respectively, are vague and ambiguous. These phrases are taken directly from Board Policy No. 10-55 in effect while Defendants served as Board Trustees. It is incredible that Napolitano and Bernstein—current Board trustees—and Mazzochi—a former Board Chair—would contend that any Board policy, especially one relating to the responsibilities of the Board, is unclear. Simply put, Defendants' objections are disingenuous and provide no basis for them to not to answer. *Thermapure, Inc. v. Giertsen Co. of Ill., Inc*., No. 10 C 4724, 2013 U.S. Dist. LEXIS 41086, at *9 (N.D. Ill. Mar. 25, 2013) (ambiguity objections to "Water Out trailer" "border[ed] on frivolous" where respondent's own use of the term made clear he "knows full well" what the term meant); *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *2-3 (finding ambiguity objections to "Comdisco insider" and "one of its top executives" to be "really nonsense" because the terms are familiar terms).

### F. Inappropriate Legal Conclusion Objections

Mazzochi objects to RFA Nos. 51 – 57, Napolitano and Bernstein object to RFA No. 89, and all Defendants object to RFA Nos. 90 and 91 on the grounds that these requests call for legal conclusions. While "[a] party cannot be asked to admit a legal conclusion[, ] requests on mixed matters of law and fact or other legal conclusions that directly relate to the facts of the case are authorized." *Hanley*, 2003 U.S. Dist. LEXIS 7130, at *7-8 (quotation omitted). The RFAs to which Defendants object fall into the latter category, as they seek admissions concerning Defendants' knowledge of Plaintiff's duties, responsibilities, or authority as COD president, as set forth in his employment contract, Board policies, or the Foundation MOU and By-Laws.[7] These requests, even to the extent they ask Defendants to interpret the agreements or policies referenced therein, are

---

[7] The College of DuPage Foundation is a non-profit organization that raises funds for the College of DuPage.

13

proper because requests relating to the interpretation of a contract or document underlying a dispute are allowed. *Scholz v. Norfolk S. Ry.*, No. 07 C 0378, 2007 U.S. Dist. LEXIS 46903, at *5 (N.D. Ill. June 26, 2007) (request to "admit that, pursuant to Loading Agreement No. SC9839, Caliber was neither Norfolk's independent contractor, servant, nor employee" was proper); FRCP 36(a) advisory committee's note to 1970 amendment (example of application of fact to law is whether "an employee acted in the scope of his employment").[8] Thus, the Court should overrule Defendants' legal conclusions objections and compel them to answer (or amend their answers to the extent limited by these objections) the RFAs to which they object on such grounds.

### G. <u>Unnecessary and Argumentative Commentary</u>

Defendants' responses to several RFAs add improper commentary that is unnecessary and argumentative. Mazzochi adds improper comments to her responses to RFA Nos. 3 – 7, 11, 17, 21 – 25, 27, 28, 38, 39, 51 – 57, 60, 62, 72 – 91, 95 – 105, 137 – 139, and 141 – 156. Napolitano and Bernstein add improper comments to their responses to RFA Nos. 136 – 138, 144 – 151, and 156. Plaintiff has underlined the improper commentary included in these responses in Exhibit A.

As noted above, "[q]ualifications must be made in good faith," *Loudermilk*, 2009 U.S. Dist. LEXIS 93915, at *4, and "do[] not justify answers that add unnecessary facts or argument," *Stifel*, 2016 U.S. Dist. LEXIS 113012, at *19. Thus, qualifications that serve merely to articulate a party's defenses are improper. *Flohr*, 2002 U.S. Dist. LEXIS 6876, at *2 (qualification that amounted to defense to facts stated in request improper); *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 615-16 (N.D. Ill. 2001) (qualification that amounted to "defense to the underlying cause of action" improper).

---

[8] *See also Connectus LLC v. Ampush Media, Inc.,* No. 8:15-cv-2778-T-33JSS, 2016 U.S. Dist. LEXIS 165010, at *15-16 (M.D. Fla. Nov. 30, 2016) ("[A] request for admission that relates to the interpretation of a contract at issue in the case is an example of a proper request for an admission involving the application of law to fact."); *James v. UMG Recordings, Inc.*, No. C 11-1613 SI (MEJ), 2013 U.S. Dist. LEXIS 142512, at *7 (N.D. Cal. Sep. 26, 2013) ("A request for admission that relates to the interpretation of a contract at issue in a case involves the application of law to the unique facts of that case, and is thus permissible under amended Federal Rule of Civil Procedure 36.").

14

Here, the commentary added to Defendants' responses to Plaintiff's RFAs serves no other purpose than to state Defendants' defenses to Plaintiff's claims or to trumpet their affirmative case against Plaintiff. This is demonstrated by the fact that despite denying most of the forgoing requests, Defendants nonetheless chose to add factual assertions and argument. For example, RFA No. 3 asks Defendants to admit that they were aware of an opinion rendered by the DuPage County State's Attorney concerning Plaintiff's employment contract as of the date Defendants voted to declare the contract void *ab initio*. Mazzochi denies the request (subject to a baseless privilege assertion), yet "affirmatively states that she recalls being aware in at least the 2015 time frame that the State's Attorney may not have issued an unbiased opinion given his associations with Terry Ekl, who was counsel for Dr. Breuder." Such brazen accusations have no place in the responses to Plaintiff's RFAs. These statements do not cure any improper inference to be drawn from an admission or explain why Mazzochi cannot fully admit or deny the RFAs. Instead, they serve only to besmirch officers of the court and to state Mazzochi's defenses to Plaintiff's claims.

Plaintiff has now twice asked Defendants to remove the unnecessary and argumentative commentary from their responses to the foregoing RFAs and even provided Defendants substantial case law to show that the commentary is improper. *See* Exhs. B – G. Yet, Defendants refused. *Id.* In light of their disregard for Rule 36(a)(4) and related authority, the Court should deem admitted RFA Nos. 3 – 7, 11, 17, 21 – 25, 27, 28, 38, 39, 51 – 57, 60, 62, 72 – 91, 95 – 105, 137 – 139, and 141 – 156, as to Mazzochi, and RFA Nos. 136 – 138, 144 – 151, and 156, as to Napolitano and Bernstein. At the least, the Court should strike the improper commentary underlined in Exhibit A.

## CONCLUSION

WHEREFORE Plaintiff respectfully requests that the Court enter an order granting the relief requested herein or for any other relief the Court deems appropriate.

Dated: August 28, 2020                                            Respectfully submitted,

/s/ Melissa N. Eubanks
Melissa N. Eubanks
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
(312) 251-4600
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Melissa N. Eubanks, an attorney, states that a copy of the attached

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RULE 36(A)(6) MOTION REGARDING DEFENDANTS MAZZOCHI'S, NAPOLITANO'S, AND BERNSTEIN'S RESPONSES TO REQUESTS FOR ADMISSION**

will be caused to be served upon all counsel of record via electronic notification by the United States District Court's ECF System on August 28, 2020.

/s/ Melissa N. Eubanks