UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. BREUDER ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-9323 |
| ) | |
| v. ) | Hon. Andrea R. Wood |
| ) | |
| BOARD OF TRUSTEES OF ) | Hon. Jeffrey I. Cummings (Magistrate) |
| COMMUNITY COLLEGE DISTRICT NO. ) | |
| 502, DUPAGE COUNTY, ILLINOIS, an ) | |
| Illinois body politic ad corporate, KATHY ) | |
| HAMILTON in her official and individual ) | |
| capacity, DEANNE MAZZOCHI in her ) | |
| official and individual capacity, FRANK ) | |
| NAPOLITANO in his official and individual ) | |
| capacity, and CHARLES BERNSTEIN in ) | |
| his official and individual capacity, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BOARD OF TRUSTEES OF COMMUNITY COLLEGE
DISTRICT NO. 502, DUPAGE COUNTY, ILLINOIS'S
<u>MOTION TO CLAW BACK PRIVILEGED DOCUMENTS</u>**

Defendant Board of Trustees respectfully asks this Court, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), to order Third-Party Kory Atkinson—a former College trustee who presents himself as an unpaid attorney for Plaintiff Robert Breuder—to return or destroy the 15 privileged and/or confidential College documents that he has in his possession. After learning that Atkinson possessed these documents, the College repeatedly sought their return and destruction. To date, however, Atkinson has refused the College's claw back efforts, leaving the College with no choice but to seek the Court's assistance. Thus, the College now asks the Court to enter a finding that these documents are privileged and/or confidential documents that are entitled to be clawed back. In addition, to the extent that Atkinson has shared these records with any of the other parties

1

in this litigation, the College asks the Court to preclude those parties from retaining, using, or referencing this material going forward.

## BACKGROUND

After much litigation with Kory Atkinson about a third-party subpoena that the College directed to him, the College received a production of documents from him. Atkinson was a College of DuPage trustee approximately a decade ago and now holds himself out as an unpaid attorney for Plaintiff Robert Breuder. When reviewing Atkinson's production to the College, the College discovered that he produced a number of documents that contained the College's privileged and/or confidential information. The College did not produce the privileged and/or confidential documents to other parties in this litigation. Instead, on September 7, 2020, the College wrote to Atkinson's attorney asking (among other things) that Atkinson return or destroy these 15 records. (Ex. 1.) The College also sought information regarding the identity of the person(s) from whom Atkinson obtained these records, because many of the records should never have been in his possession in the first place. (Ex. 1.) On September 18, 2020, Atkinson's attorney responded, stating that Atkinson would not return or destroy these records absent a court order. (Ex. 2.) The College subsequently reaffirmed its request that Atkinson return or destroy these records. (Ex. 3.) Atkinson still refuses to do so. Because College counsel has attempted in good faith to confer with Atkinson's attorney on this issue, but Atkinson has refused to comply with the College's request, the College now seeks the Court's assistance.

The 15 records at issue include the following: (1) a privileged memorandum prepared by the law firm Schuyler, Roche & Crisham, P.C. in August 2015 for the College of DuPage Board of Trustees (KAA026980-85); (2) ten legal invoices submitted to the College between April 2015 and August 2015 that reflect confidential attorney-client communications (KAA023100-207,

2

KAA024240-42, KAA024416-523, KAA025926-6033); (3) a document prepared for the Board to use during a closed session meeting in 2015 related to the retention of legal counsel (KAA020909); (4) two copies of the same draft version of Board Policy 5-180, which contain redline edits that were discussed with Board counsel (KAA024272, KAA025917); and (5) a compilation of emails that Atkinson received while serving as a College trustee, several of which reflect privileged discussions between the Board and its counsel (KAA003497-4328).[1]

## ARGUMENT

These 15 records contain privileged information. Atkinson has no business possessing these records, and the College should be permitted to get them back from him. Further, to the extent Atkinson has impermissibly shared these documents with anyone else (including the other parties to this case), those parties should be precluded from retaining, using, or referencing this material going forward.

Federal Rule of Civil Procedure 26(b)(5)(B) appears the most analogous rule governing this issue, as it describes the process parties should take when privileged documents have been inadvertently produced. Given Atkinson's refusal to return or destroy these records, the College seeks the Court's assistance in resolving this dispute. Specifically, the College asks the Court to rule that these records are privileged, that they are not subject to discovery, and that the College is entitled to claw them back from Atkinson (and from any other party with whom Atkinson has shared these documents).

In assessing the College's attorney-client privilege, Federal Rule of Evidence 501 states that federal common law governs claims of privilege; however, in civil cases, "state law governs

---

[1] To the extent it would be helpful for the Court to view these documents (or any of the other documents referenced in this motion), the College is happy to provide the documents to the Court *under seal* if the Court requests. The College would also ask that the submission be *in camera* to preclude the College's privileged information from being disseminated to the other parties in this litigation.

3

privilege regarding the claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. This case has been brought under both federal and state laws. However, courts have indicated that Illinois law is the same as federal law for the purpose of determining whether the attorney-client privilege exists. *Wielgus v. Ryobi Technologies, Inc.*, 08-cv-1597, 2010 WL 3075666, at *3 (N.D. Ill. Aug. 4, 2020). Thus, whether state or federal law is applied, the result is the same: the records are privileged and entitled to be clawed back.

    A.    **The Legal Memorandum Prepared by Outside Counsel for the Board in August 2015 is Privileged and Should Not Have Been Produced or Found in Atkinson's Possession**

First, Atkinson is improperly in possession of—and has produced in full to the College—a legal memorandum from August 19, 2015, which was prepared by the law firm Schuyler, Roche & Crisham P.C. for the College's Board of Trustees. KAA026980-85. This memorandum is privileged. It contains a detailed legal analysis of Breuder's employment agreement, and it was prepared by attorney Dan Kinsella, who was outside counsel for the Board in August 2015. This memorandum was written by Mr. Kinsella in direct response to a request for legal advice from the Board. This is precisely the type of communication the attorney-client privilege is designed to protect. *Carmody v. Board of Trustees of Univ. of Ill.*, 893 F.3d 397, 405 (7th Cir. 2018) (memo from university counsel to employee privileged); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 1996 WL 341537, at *2 (N.D. Ill. June 20, 1996) (document summarizing legal advice received from counsel and shared among employees is privileged); *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007) ("The attorney-client privilege protects communications made in confidence by a client to his attorney in the attorney's professional capacity for the purpose of obtaining legal advice.").

Because this memo is privileged, the College is entitled to claw it back unless there has been a waiver. There has been no waiver here. Disclosure does not constitute a waiver if "(1) the disclosure [wa]s inadvertent; (2) the holder of the privilege . . . took reasonable steps to prevent

disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following [Rule] 26(b)(5)(B)." Fed. R. Evid. 502(b). The disclosure of this privileged memo to Atkinson was clearly inadvertent. The College has repeatedly asserted privilege over all copies of this memo in its possession (see Privilege Log Entries Supp 188 & 297), and as soon as the College learned of this inadvertent disclosure to Atkinson, it sought to claw the record back. (Ex. 1.) The College does not have—and has never had—any intention of releasing this document to Atkinson, who claims to be one of Breuder's lawyers.

The College does not know how Atkinson obtained a copy of this document. Atkinson has refused to provide any information regarding when or from whom he received it. Withholding this information makes little sense unless Atkinson obtained the document through impermissible means. As an attorney himself, Atkinson must have immediately recognized the privileged nature of this document. It is on law firm letterhead and stamped "Confidential – Attorney Client and Work Product Privileges;" in addition, the very first paragraph of the memo describes the nature of the legal advice being sought and provided, and reiterates in bold lettering that the "contents of this memorandum are confidential and subject to attorney/client and work product privileges." Based on the memo's watermark, it is possible Atkinson may have received the document from former Board Trustee Dianne McGuire (who was on the Board at the time and was one of the Board members to whom the memo was circulated). But even if that is true, McGuire is not in a position to waive the College's privilege, because she is no longer a Board trustee. *Commodities Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 349 (1985) ("[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well."). Nor does Board policy permit her to do so. *See* Board Packet (February 18, 2016), https://www.cod.edu/about/board_of_trustees/pdf/packets/2016/2016feb18_packet.pdf

(at p.271) (policy prevents a single board member from waiving attorney-client privilege); Board Minutes (February 18, 2016), https://www.cod.edu/about/board_of_trustees/pdf/minutes/2016/2016feb18min.pdf (at p.7) (approving policy revisions requiring majority of Board to waive attorney-client privilege).

As soon as the College learned of this inadvertent disclosure, it sought to claw the memo back from Atkinson. (Ex. 1.) Atkinson has no basis to deny the College's claw back request of this privileged document. Accordingly, the College asks the Court to hold that this document is privileged and to order Atkinson to return or destroy all copies of this memo in his possession. In addition, to the extent other parties impermissibly have copies of this document, the College asks the Court to direct all parties to return or destroy any copies in their possession. This memo is privileged and should not have been in Atkinson's possession.

### B. The College's Legal Invoices from 2015 Are Privileged and Should Not Have Been in Atkinson's Possession

Second, Atkinson has produced 10 legal invoices to the College that the College received from its lawyers between April and August 2015. These invoices are found at: KAA023100-207, KAA024240-42, KAA024416-523, KAA025926-6033. They each contain detailed time entries describing the work performed by the College's attorneys; many of which reveal the content of confidential communications between the College and its outside counsel. The College is entitled to assert privilege over this information. *Flagstar Bank, FSB v. Freestar Bank, N.A.*, 2009 WL 2706965, at *6 (N.D. Ill. Aug. 25, 2009) (holding that "[i]nvoices from Barack Ferrazzano to Defendant" are privileged "[a]s they contain legal advice"). These documents are also irrelevant to any matter at issue in this litigation, and should be withheld in any event.

To the extent someone from the College impermissibly disclosed these invoices to Atkinson, any such disclosure was not approved. As with the legal memo, it is not clear how

6

Atkinson obtained copies of these invoices, because Atkinson has refused to provide any information about how he obtained the invoices. But after the College learned that Atkinson possessed these invoices, it promptly sought to claw them back. (Ex. 1.) Atkinson has no basis to deny the College's claw back request of these records. Fed. R. Evid. 502(b) (no waiver where "disclosure was inadvertent;" "holder of the privilege . . . took reasonable steps to prevent disclosure;" and "took reasonable steps to rectify the error").

Atkinson's contention that these records are not privileged because they are discoverable under FOIA (Ex. 2, p.3), is wrong. Information covered by the attorney-client privilege is exempt from disclosure under FOIA. Sections 7(1)(a) and 7(1)(m) exempt from disclosure "[i]nformation specifically prohibited from disclosure by federal or State law," and "[c]ommunications between a public body and an attorney or auditor representing the public body that would not be subject to discovery in litigation[.]" 5 ILCS 140/7(1)(a) & 7(1)(m). Both state and federal law protect from disclosure information that falls within the attorney-client privilege. In addition, Illinois law makes clear that privileged communications are not subject to discovery in litigation. Ill. Sup. Ct. R. 201(b)(2) ("All matters that are privileged against disclosure on the trial, including privileged communications between a party or his agent and the attorney for the party, are privileged against disclosure through any discovery procedure."). Thus, the College is entitled to protect this information from disclosure under FOIA, and it is entitled to assert privilege over this information in this litigation. *People ex rel. Ulrich v. Stukel*, 689 N.E.2d 319, 325 (Ill. App. Ct. 1997) ("Certain types of billing records may contain explanations for legal fees and may indicate the type of work done or matters discussed between the attorney and client," and thus, "could reveal the substance of confidential attorney-client discussions, and be subject to valid claims of attorney-client privilege or exemption under [FOIA]."). Accordingly, the College asks this Court to hold that this

material is privileged and to require Atkinson (and all other parties in this litigation provided this material by Atkinson) to return and/or destroy all copies of these invoices in their possession.

   **C.  The Document Prepared for the Board's Use During One of Its Closed Session Meetings Is Confidential and Should Not Have Been in Atkinson's Possession**

  Third, Atkinson has in his possession a confidential document that was prepared for the Board's use during a closed session meeting in 2015 in connection with a Request for Quotations that the Board issued when seeking to retain new legal counsel. KAA020909. The Board discussed this RFQ and the responses it received in closed session, as it was permitted to do. 5 ILCS 120/2(c)(1) (closed session permitted to discuss "[t]he appointment, employment, [or] compensation . . . of . . . legal counsel for the public body"). Information discussed in closed session is confidential; it remains confidential until the Board determines that the information no longer needs protection. 5 ILCS 120/2.06(d)-(f) (discussing the confidentiality of closed meeting minutes and recordings and the process for deciding whether to disclose the information). The material from this closed session in 2015 continues to be designated as confidential, which means that Atkinson has no right to possess this information.[2]

  More importantly, however, this record is also privileged. The Board worked with and had a lawyer help it through this process and discussion. *Jenkins*, 487 F.3d at 490 ("The attorney-client privilege protects communications made in confidence by a client to his attorney in the attorney's professional capacity for the purpose of obtaining legal advice."). Atkinson should not have a copy of this document. Any impermissible disclosure that may have occurred to Atkinson was inappropriate. Moreover, Atkinson himself voluntarily agreed to the clawback of other privileged

---

[2] This material is also irrelevant to any fact at issue in this litigation. The parties to the case have already agreed, for example, that the Board's closed session consideration of the RFQ issue in the summer of 2015 was not relevant when considering what closed session recordings this Court should consider as part of a separate motion brought by Plaintiff.

8

documents related to this RFQ that were somehow impermissibly in his possession—making his objection to the clawback of this document all the more puzzling. *See* Ex. 4 (letter by Atkinson's counsel agreeing to clawback/destroy documents). The College seeks the Court's assistance in clawing this record back.

### D. The Drafts of Board Policy 5-180 That Atkinson Has Are Privileged

Next, Atkinson produced to the College two copies of the same draft version of College Board Policy 5-180. KAA025917, KAA024272. This policy relates to the Board's retention of Legal Counsel. Both drafts reflect redline edits to the policy, which was revised between 2015 and 2016. All of these edits were discussed with counsel, and many of the edits were made by counsel. Again, this information is privileged and should never have been produced, nor should Atkinson have it. *U.S. v. Nat'l Assoc. of Realtors*, 242 F.R.D. 491, 496 (N.D. Ill. 2007) (draft of magazine article with redline edits from attorney held to be privileged).

The College has withheld all similar documents on its privilege log (see, e.g., Privilege Log Entry Supp 406), and never intended to waive privilege over these documents. Accordingly, the College asks the Court to find these records privileged and to direct Atkinson (and all other parties who were provided this material by Atkinson) to return and/or destroy all copies of these records in their possession.

### E. Email Correspondence Atkinson Received While Serving as a Board Trustee That Is Privileged

Finally, Atkinson produced an 832-page document that contains hundreds of emails he received while he was a Board trustee between 2008 and 2009. KAA003497-4328. Several of the emails in this compilation contain the College's privileged information. These emails can be found at: pp.214, 238, 320, 322-23, 325-27, 336, 338, 342-43, 345-47, 349-54, 359-60, 369-70, 399, 404, 556-59, 561, 563-64, 566, 647, 649, and 653-54. All of these emails reflect confidential

9

communications between the Board and its counsel, or otherwise reflect the provision or receipt of legal advice. The College does not dispute Atkinson's initial possession of these emails when he was a trustee approximately a decade ago. But these are College documents, and the College has requested their return. Moreover, to the extent Atkinson has made these privileged communications available to anyone other than the College, Atkinson should not have done so without first giving the College a chance to review the document and assert privilege over these discussions. The College has since produced a redacted version of this record at COD-0000814608 to COD-0000815439. The College respectfully asks the Court to order Atkinson to claw back all unredacted versions of this record—to the extent they exist—and to require the parties to destroy any non-redacted copies in their possession.

## CONCLUSION

For the reasons discussed above, the College asks this Court to rule that these 15 records are privileged, and to order Atkinson—and the parties in this litigation—to return and/or destroy all copies of these records.

Dated: December 18, 2020

Respectfully submitted,

Defendant Board of Trustees

/s/ Andrew C. Porter
*One of Its Attorneys*

Andrew C. Porter
Kathleen A. Hill
Suzanne B. Notton
SALVATORE PRESCOTT PORTER &
PORTER, PLLC
1010 Davis Street
Evanston, Illinois 60201
(312) 283-5711
aporter@spplaw.com
hill@spplaw.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020, I caused copies of the foregoing document, ***Defendant Board of Trustees of Community College District No. 502, DuPage County, Illinois's Memorandum in Support of its Motion to Claw Back Privileged Documents***, to be served on all counsel of record by filing electronic copies with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all registered CM/ECF users.

*/s/ Andrew C. Porter*
Andrew C. Porter
