IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BREUDER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CV 9323 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| BOARD OF TRUSTEES OF | ) | Magistrate Judge Jeffrey I. Cummings |
| COMMUNITY COLLEGE DISTRICT | ) | |
| NO. 502, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the individual defendants Mazzochi, Hamilton, Napolitano, and Bernstein's motion for protective order to stay discovery into their financial information (Dckt. #350.) For the reasons set forth below, defendants' motion to stay is denied.

### I. RELEVANT BACKGROUND

Plaintiff Robert Breuder, who served as the President of the College of DuPage (the "College") from 2009 until his termination in October 2015, brings this lawsuit against defendants, the Board of Trustees of the College (the "Board"), and individual Board members, alleging claims concerning due process violations, breach of contract, defamation, and civil conspiracy. Certain defendants have, in turn, filed counterclaims against plaintiff alleging breach of contract, breach of fiduciary duty, and conversion.

Not long after Breuder filed this case back in October 2015, the parties and the District Court agreed to a bifurcated discovery schedule that would allow for discovery into the individual defendants' personal finances *after* the resolution of dispositive motions. (*See* Dckt. #60 – Joint Status Report ("The parties agree that Fact Discovery will exclude discovery on the

personal finances/assets of the individual defendants…Such information will be discoverable during Damages Fact Discovery") & Dckt. #62 – 4/28/16 Min. Order ("For the reasons stated on the record, discovery in this matter shall be bifurcated such that a schedule for discovery on damages will be set after resolution of dispositive motions.")). Since that initial agreement, this case has taken a number of twists and turns – including an interlocutory appeal to the Seventh Circuit – and was ultimately referred to this Court for discovery supervision in March of 2019. (Dckt. #198.) As the parties did not raise the issue of a bifurcated schedule after the March 2019 referral, this Court entered new fact and expert discovery schedules without any express bifurcation of damages discovery.[1] (Dckt. #227.)

The parties proceeded with discovery and, in mid-2019, plaintiff issued his second set of document requests to individual defendants Mazzochi, Hamilton, Napolitano, and Bernstein.[2] Those requests sought the individual defendants' financial information (dating back to 2017), including federal and state tax returns, W-2 and 1099 statements, and documents showing any assets or liabilities valued over $20,000. (Dckt. #351 at Ex. 2.) The individual defendants initially objected, arguing that the requests were premature and sought irrelevant confidential information. The parties' meet and confer efforts to resolve those objections were unsuccessful.

In the instant motion to stay, the individual defendants seek a protective order under Fed. R. Civ. P. 26(c) staying financial/net worth discovery until after a ruling on dispositive motions, and even then, only after plaintiff makes the proper showing that punitive damages should be

---

[1] The Court has extended those schedules on a number of occasions and both the fact and expert deadlines have now long since passed. The Court will re-visit the discovery schedules after the resolution of all pending discovery motions.

[2] Each of the individual defendants served on the Board at all relevant time periods. Defendants Napolitano and Bernstein continue to serve as Board members. *See* https://www.cod.edu/about/board_of_trustees/index.aspx (last visited January 11, 2021). Defendant Mazzochi now serves in the Illinois House of Representatives.

submitted to the jury. In support of their request, defendants cite to the parties' initial agreed discovery plan, and argue further that the intrusive nature of the broad requests into their financial net worth (as public servants) weighs in favor of a stay where, as here, defendants' qualified immunity defense remains on the table. Plaintiff responds (Dckt. #384) that there is no reason to further delay the production of the financial information in this five-year old case, particularly where plaintiff has shown a "real, rather than remote or speculative, possibility that the issue of punitive damages will be presented." (Dckt. #384 at 3.) The Court agrees.

II.     ANALYSIS

    A.     Standard for a Protective Order

Rule 26(c) provides that a Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c). The party seeking the protective order bears the burden of demonstrating why the order should be entered. *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F.Supp.3d 1079, 1084 (N.D.Ill. 2015). To do so, the moving party must show "good cause" and explain why it will be subjected to "annoyance, embarrassment, oppression, or undue burden or expense" if a protective order is not entered. Fed.R.Civ.P. 26(c)(1); *see also Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Magistrate and district court judges "enjoy extremely broad discretion in controlling discovery" and settling discovery disputes. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495 (7th Cir. 1996).

    B.     **Defendants' financial information is relevant to punitive damages and production should not be delayed further on the record before the Court.**

Here, there is no dispute – nor could there be – that the defendants' financial information is relevant to the issue of punitive damages, which plaintiff seeks in this action. *Lanigan v.*

3

*Babusch*, No. 11 CV 3266, 2011 WL 5118301, at *4 (N.D.Ill. Oct. 27, 2011) ("A party's net worth is discoverable where punitive damages are at issue.") (citing *Challenge Aspen v. King World Prods. Corp.*, 2001 WL 1403001, at *3 (N.D.Ill. Nov. 9, 2001)). Instead, the parties only dispute whether the defendants should produce the financial information now or after dispositive motions are resolved and plaintiff has made a showing that punitive damages should be presented to the jury. For the three reasons that follow, the Court finds that the discovery into the individual defendants' financial information should proceed now.

First, although defendants correctly note that some courts have stayed this type of financial discovery where the plaintiff's claim for punitive damages is based "merely…on broad, conclusory allegations in the complaint," *Lanigan v. Babusch*, No. 11 CV 3266, 2011 WL 5118301, at *4 (N.D.Ill. Oct. 27, 2011) (internal quotation marks omitted), plaintiff here has gone well beyond conclusory allegations. In particular, plaintiff's complaint includes detailed and specific allegations against the individual defendants describing their alleged reckless and malicious disregard of plaintiff's rights. Moreover, both the District Court and the Seventh Circuit have given plaintiff's allegations and claim for punitive damages wings in denying defendants' motion to dismiss.[3] *See Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 501, DuPage Cty., Illinois*, 238 F.Supp.3d 1054, 1064 (N.D.Ill. 2017) ("The Complaint alleges facts sufficient to allege plausibly that the Individual Defendants acted with malice in making defamatory statements about Breuder"), *aff'd in part, appeal dismissed in part sub nom.*, *Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, 888 F.3d 266 (7th Cir. 2018) ("The

---

[3] In this regard, this case is distinguishable from both *Finch v. City of Indianapolis*, No. 08 CV 0432, 2011 WL 2516242, at * 4 (S.D.Ind. June 23, 2011), where plaintiffs had presented only a bare, conclusory entitlement to punitive damages and from *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D.Pa. 1983), where the court observed that "[m]erely claiming that the defendants' conduct was outrageous in terms that are conclusive in nature will not suffice. The complaint must allege a set of circumstances which will demonstrate to the Court at least a real possibility that punitive damages will be at issue."

4

[Board] members who refused even to listen to him violated his clearly established rights.").

This record and well-established case law support moving forward with the discovery related to punitive damages. *See Marshall v. GE Marshall, Inc.,* No. 09 CV 198, 2012 WL 2343368, at *4 (N.D.Ind. June 20, 2012) (collecting cases and opining that "[t]he majority of federal courts, and courts within this Circuit, have permitted plaintiffs seeking punitive damages to discover information related to the defendant's financial condition prior to making a prima facie case that she may recover punitive damages"); *see also Challenge Aspen,* 2001 WL 1403001, at *4 ("[S]ince plaintiff's fraud claims – which are the basis for the punitive damages prayer – have survived a motion to dismiss, we see no good reason to deprive plaintiff of discovery into the liability and damages issues that flow from those claims. And, that includes discovery concerning punitive damages.").

Second, the individual defendants' privacy concerns – which are understandable given the contentious relationship between the parties – can be alleviated by the confidentiality order already governing this case. (Dckt. #233 – Amended Agreed Protective Order.) That order specifically contemplates that the individual defendants can and should produce their personal tax and financial information under an attorneys' eyes only designation. (*Id*. at 3.) Such a designation will provide sufficient protection of the individual defendants' private financial information. *See Challenge Aspen,* 2001 WL 1403001, at *5 (opining that the attorneys' eyes only designation "strikes a proper balance between plaintiff's right to discover relevant information and the defendants' confidentiality interests."); *see also Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.*, No. 14 CV 273, 2017 WL 164335, at *2 (N.D.Ind. Jan. 17, 2017) (allowing "punitive damages discovery" in part because "there [was] a protective order in place that allow[ed] for discovery to be designated as 'attorneys eyes only'").

Lastly, the posture of this case has changed significantly since the parties initially agreed to stay financial damages discovery until after dispositive motions were resolved. It has been over five years since the plaintiff filed this action, yet the parties are still stuck in the depths of written discovery.[4] As this Court contemplated when the parties first raised this issue at a status hearing on July 23, 2020, allowing for supplemental discovery at some future date after summary judgment motions are resolved is simply not reasonable under the circumstances of this case. (Dckt. #342 – Tr. of 7/23/20 Status Hr'g at p. 14); *see also In re Aqua Dots Prod. Liab. Litig.*, 270 F.R.D. 322, 326–27 (N.D.Ill. 2010) (finding there was no "compelling interest" to delay financial discovery in a two-year old case where the discovery requests were relevant to punitive damages).[5]

For all of these reasons, defendants' motion to stay is denied. By February 12, 2021, the individual defendants shall fully respond to RFP Nos. 1-6, which the Court finds are appropriately targeted at discovering net worth for purposes of punitive damages. However, defendants need not provide their financial information dating all the way back to 2017 because only "current assets and liabilities" are relevant to punitive damages claims, and going back to 2017 would "far exceed" what will be necessary to establish those figures when the parties eventually reach the trial phase. *Platcherr v. Health Prof'ls, Ltd.,* 04 CV 1442, 2007 WL

---

[4] Though plaintiff attributes this delay primarily to defendants, a number of unfortunate delays – including the COVID-19 pandemic – have befallen this case.

[5] It is also worth noting that the parties presented an abbreviated version of this dispute in a scheduling report to the District Court following the Seventh Circuit's ruling on the interlocutory appeal. (Dckt. #162 – Joint Submission for Entry of a Scheduling Order). Although the Court is not privy to what transpired before the District Court at the status hearing immediately following that submission, the District Court's minute order re-setting discovery deadlines did not expressly call for the bifurcation of damages discovery. (*See* Dckt. #166 – "[A]ll fact discovery shall be completed by 6/21/19"). And, again, the parties did not raise the issue to this Court in the initial status report following the referral (Dckt. #204), or when this Court later extended the fact discovery deadline without any mention of bifurcating damages discovery.

2772855, at * 3 (C.D.Ill. Sept.18, 2007) (finding three years of documents too broad). Instead, defendants need only provide responsive documents from 2019 through the present. Understandably, defendants may need to later supplement their responses with more recent documentation called for by the requests (such as, for example, their 2020 tax returns) as trial draws near pursuant to their duty to supplement under Fed. R. Civ. P. 26(e). Finally, to be clear, although the Court is permitting the requested financial discovery, it makes no finding as to whether this evidence will ultimately be admissible at trial and, if it is, when it can be presented to the jury. The parties will need to address these issues with the District Court in advance of the trial.

## CONCLUSION

For the reasons stated above, the individual defendants Mazzochi, Hamilton, Napolitano, and Bernstein's motion for a protective order to stay discovery into their financial information (Dckt. 350) is denied.

**Dated: January 22, 2021**

_____
**Jeffrey I. Cummings**
**United States Magistrate Judge**

7