IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BREUDER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CV 9323 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| BOARD OF TRUSTEES OF | ) | Magistrate Judge Jeffrey I. Cummings |
| COMMUNITY COLLEGE DISTRICT | ) | |
| NO. 502, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Napolitano's motion to compel plaintiff to produce financial records (Dckt. #356). For the reasons set forth below, defendant's motion is granted in part and denied in part.

### I. RELEVANT BACKGROUND

Plaintiff Robert Breuder, who served as the President of the College of DuPage (the "College") from 2009 until his termination in October 2015, brings this lawsuit against defendants, the Board of Trustees of the College (the "Board"), and individual Board members, alleging claims concerning due process violations, breach of contract, defamation, and civil conspiracy. Breuder seeks compensatory and punitive damages as a result of defendants' actions, "including the loss of his employment and other benefits conferred by his employment agreements, irreparable damage to his personal and professional reputation, loss of various professional opportunities, and acute emotional distress."[1] (Dckt. #1 at ¶ 1.) Certain defendants

---

[1] In his Rule 26(a)(1) disclosures, Breuder lists his damages as: $2,150,000 in lost salary compensation; $80,000 in lost retirement benefits; $170,000 in lost healthcare and insurance benefits; and fair compensation for reputational damage and loss of other employment opportunities. (Dckt. #357 at Ex. E.)

1

have, in turn, filed counterclaims against plaintiff alleging breach of contract, breach of fiduciary duty, and conversion.

Fact discovery in this matter is ongoing and the parties have exchanged a multitude of written discovery requests. Relevant to the instant motion are certain of defendant Napolitano's requests for production ("RFP") to Breuder seeking the following:

> **1.** Copies of W-2 forms, 1099 forms, state and federal income tax returns (with applicable schedules and attachments) and pay stubs and other documents that relate to wages, compensation or benefits paid to Plaintiff by any entity, including self-employment, from 2013 to the present.
>
> **3.** Any and all documents relating to any claim made by Plaintiff for social security benefits.
>
> **5.** Any and all documents relating to any claim made by Plaintiff for or receipt of retirement benefits, including but not limited to pension benefits, retirement savings accounts, IRA accounts, SURS benefits, or other benefits.
>
> **6.** All documents that relate to Plaintiff's employment, pay, attendance record, benefits and job performance with employers after his employment with Defendant.
>
> **7.** Any and all documents relating to Plaintiff's income from any source since January 1, 2015, up until the time of any trial in this case.

(Dckt. #357 at Ex. A.) Breuder objected to each of these requests as "overly broad, unduly burdensome, harassing and intrusive, not reasonably calculated to lead to the discovery of admissible evidence, and seeking confidential documents or information." (*Id*.) The parties met and conferred and, although Breuder agreed to produce his 1099s dating back to 2015 for retirement, pension, and social security income, the parties were unable to reach an agreement as to the remainder of the financial documents defendants requested.

In the instant motion to compel, defendants seek an order directing Breuder to provide full responses to the RFPs above. Defendants argue they are entitled to the full scope of Breuder's financial documents, including full tax returns, as he has directly placed his income at

issue and the documents are relevant to his claim for damages and his mitigation efforts. With respect to the requests for retirement account info, the defendants explain that they are seeking evidence to support their theory that prior to his termination, Breuder expressed his intent to – and has in fact – fully retired, thus calling into question any claim for lost income for missed employment opportunities.[2]

Breuder responds (Dckt. #380), arguing that the Board's requests are entirely too broad and seek confidential information – namely his wife's private financial data in the couple's joint tax returns – which is irrelevant to Breuder's claims in this case. Breuder continues to offer up his 1099s, or "mock" individual tax returns, which he argues would be sufficient to show his income, without revealing his wife's private information. Breuder also objects to the defendants' sweeping request in their motion for social security, pension, and retirement account information, including "applications, enrollments, investment instructions, retirement planning discussions, level of benefits elected," arguing those documents go well beyond the necessary information relevant to Breuder's claims for damages. Respectfully, the Court disagrees, at least in part.

## II. ANALYSIS

### A. Standard for a Motion to Compel

A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a). Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules. *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495 (7th Cir. 1996); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor*

---

[2] In January 2015, approximately ten months prior to his termination, Breuder wrote a letter to the Board expressing his intent to retire in March 2016. (Dckt. #357 at Ex. B.)

*Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018). Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F.Supp.3d 916, 924 (N.D.Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter"). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

> **B.   Breuder's post-termination income is relevant to the claims and defenses in this case and, with certain limitations, must be produced.**

Here, there is no dispute that Breuder has placed his post-termination income at issue, particularly his tax returns, by bringing this action and making significant claims for lost income, including lost employment opportunities after his allegedly unlawful termination and due to defendants' defamatory statements. Indeed, it is well settled in the Seventh Circuit that "[t]ax returns in the hands of a taxpayer are not privileged" and "are relevant, for discovery purposes, where a litigant has put 'the level and sources of his income at issue.'" *Johnson v. Soo Line R.R. Co.*, No. 17 CV 7828, 2019 WL 4037963, at *1-2 (N.D.Ill. Aug. 27, 2019), *quoting Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74–75 (7th Cir. 1992); *see also Alderson v. Ferrellgas, Inc.*, No. 3:12-CV-305-TLS-CAN, 2013 WL 11325054, at *3 (N.D. Ind. Aug. 22, 2013) ("[T]ax returns are not privileged and must be produced upon a discovery request if they are related to matters put into issue in a lawsuit."); *cf. Jackson v. N'Genuity Enterprises Co.*, No. 09 CV 6010, 2010 WL 4928912, at *2 (N.D.Ill. Nov. 29, 2010) (noting that while "[s]ome courts have suggested that there is a heightened showing that must be made before tax returns are discoverable…the Seventh Circuit has not adopted such a position.").

4

Furthermore, because the Board intends to argue that Breuder has in fact retired – as his January 2015 letter indicated he would – his retirement information is relevant to the Board's defense to Breuder's claims for damages. Thus, the Court need not belabor the relevancy of defendants' requests further and turns to the scope of the tax and retirement account information Breuder should produce when weighing the need for the information against any burden on Breuder. *See Johnson*, 2019 WL 4037963, at *2 ("The proportionality analysis requires the Court to consider what burdens might be imposed by an order compelling production of Plaintiff's tax returns, and whether those burdens are proportional to the needs of the case.").

With respect to the tax returns, while the Court appreciates Breuder's attempt to compromise with the production of his 1099s or some sort of mock individual return, the Court finds that defendants are entitled to the full tax returns, as filed. Here, the only true burden Breuder presents is the privacy concerns of his wife, with whom he files his tax returns jointly. But the fact that Breuder files joint tax returns with his non-party wife "does not change the discoverability of the tax returns in question." *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02 CV 00146, 2004 WL 444570, at *3, n.2 (M.D.N.C. Feb. 24, 2004); *see also Sakaguchi v. Legacy Health Sys.,* 1998 WL 709788, at *2 (D.Or. 1998) (same). And while the Court fully acknowledges and has considered Mrs. Breuder's privacy concerns, those concerns can be alleviated by the Board's offer to permit the production of the joint returns under an "attorney eyes' only designation" and governed by the terms of the agreed confidentiality order. *See Sakaguchi*, 1998 WL 709788, at *2 ("[T]he previously filed Stipulated Protective Order defeats an invasion of privacy argument."). Accordingly, Breuder shall produce his full tax

5

returns, and any accompanying attachments, from 2015 to 2019.[3] Prior to the depositions of Breuder, his wife, or any expert discovery, counsel for the parties shall meet and confer to discuss and agree to the disclosure of the joint tax returns as needed.

As for Breuder's retirement account info, the Court agrees that defendants' request (RFP No. 5) – as expanded even further by defendants' motion to compel seeking "applications, enrollments, investment instructions, retirement planning discussions, and level of benefit election" – is overly broad. But without knowing the extent of Breuder's pension and retirement accounts, it is difficult for the Court to determine what additional documents should be produced to show any post-termination income or information about those accounts that will not otherwise be reflected in Breuder's full tax returns and accompanying attachments. Thus, the Court orders Breuder to provide a sworn response providing a list of each pension and retirement account, the date each account was established, and when, if at all, he began drawing income from those accounts. The parties shall then meet and confer and are expected to agree as to what, if any, additional documents should be produced that are relevant to defendants' theory that Breuder has retired, thereby undermining his claim for damages related to lost employment opportunities.

At this time, Breuder need not respond to RFP No. 6, which seeks documents related to any post-termination employment. Breuder has already responded that he "has no documents responsive to this request," implying that he has not worked since his termination. (Dckt. #357 at Ex. A.) As Breuder has already agreed to do, if he becomes employed prior to the resolution

---

[3] Although defendants requested tax documents dating back to 2013, the parties' e-mails appear to reflect an agreement to limit the scope of Breuder's tax documents to 2015 and the Court finds that limitation to be reasonable. Breuder shall supplement his response as needed when he files taxes for 2020 and for any subsequent years this litigation remains pending pursuant to his duty under Rule 26(e). Further, if and only if Breuder's tax returns do *not* reflect income from social security (if any), he shall produce his social security statements reflecting any social security income from 2015 through 2019 in response to RFP No. 3.

of this action, counsel will meet and confer regarding any appropriate supplementation to this request. Lastly, Breuder does not need to respond further to RFP No. 7, which is a broad, catch-all request. The need for such a request will be negated by Breuder's responses to the other requests permitted by this order.

## CONCLUSION

For all of these reasons, defendant's motion to compel (Dckt. #356) is granted in part. By February 12, 2021, Breuder shall respond to RFP Nos. 1, 3, and 5 as outlined above. Where appropriate, documents may be designated as "confidential" or "highly confidential - attorneys' eyes only" and the parties are expected to meet and confer in advance of any future depositions or during expert discovery to discuss the use of such documents.

**Dated: January 22, 2021**

_____
**Jeffrey I. Cummings**
**United States Magistrate Judge**

!